

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob J, Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

March 12, 2026

**<u>BY ECF</u>**

Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *United States v. Patrick James & Edward James,* **26 Cr. 29 (AT)**

Dear Judge Torres:

The Government writes in opposition to defendant Patrick James's motion to quash the grand jury subpoena issued to Cooperative Title Agency.

The defendant's motion should be summarily denied, and Cooperative Title Agency should be ordered to produce responsive records as directed. The defendant's motion fails on two fronts: As a threshold matter, the defendant lacks standing to challenge a grand jury subpoena issued to a non-party in this criminal case. Second, on the merits, the defendant has not (and could not) meet his burden to show particularized facts supporting a finding of misconduct, and he ignores settled caselaw authorizing post-indictment grand jury subpoenas. More generally, the defendant constructs his motion on conclusory assertions that "[t]he Government has abused the grand jury process" and speculation that the subpoena relates to trial preparation. The defendant's claims betray his ignorance of the grand jury's ongoing investigation.[1] Of course, the defendant cannot be expected to know the nature and extent of the grand jury's work.  Those matters are secret by law and rule.  But ignorance does not license the defendant to govern the grand jury's investigation, much less halt it.

---

[1] Consistent with the Court's March 11, 2026 Order, ECF Doc. 33, the Government is simultaneously submitting *ex parte* information regarding the grand jury's ongoing investigation. An *ex parte* submission is "appropriate where, as here, it [i]s necessary in order to protect grand jury secrecy." *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004) (citing *In re Doe*, 711 F.2d 1187, 1194 (2d Cir. 1983); *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 n.7 (S.D.N.Y. Jan. 25, 1993)); *see also United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) ("Were some matters to become public, the Supreme Court instructs, prospective witnesses may refuse to testify, they may testify less truthfully, or the target of a grand jury investigation may disappear." (citations omitted)).

### *Patrick James Does Not Have Standing to Quash the Subpoena*

At the outset, the motion should be denied because Patrick James lacks standing to obtain the relief he seeks. The subpoena in question is not directed to him or to a business he controls. Nor does the subpoena call for materials over which Patrick James may assert a legal privilege.

"[A]bsent claim of privilege, [a] party usually has no standing to object to [a] subpoena directed at [a] non-party." *In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990*, 741 F. Supp. 1059, 1060 n.1 (S.D.N.Y. 1990), *aff'd sub nom.*, *In re Grand Jury*, 956 F.2d 1160 (2d Cir. 1992) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)). In other words, where a party does not "assert a constitutional, statutory, or common law privilege," there is no third-party standing to challenge a grand jury subpoena. *In re Subpoenas to Loc. 478, Int'l Union of Operating Engineers & Ben. Funds*, 708 F.2d 65, 72 (2d Cir. 1983); *see also United States v. Bergstein*, 302 F. Supp. 3d 580, 584 (S.D.N.Y. 2018) ("A party demonstrates standing to challenge a subpoena directed to a non-party by showing that he or she seeks to protect a personal privilege, right, or interest." (citation omitted)).

Here, Patrick James makes no effort to show that he has standing to bring his motion. He does not claim (nor could he) that Cooperative Title Agency is his alter-ego or that he is its representative. Nor does he claim that the subpoena seeks records over which he may assert a "constitutional, statutory, or common law privilege." *In re Subpoenas to Loc. 478, Int'l Union of Operating Engineers & Ben. Funds*, 708 F.2d at 72. The absence of such facts is fatal to his motion. Because Patrick James does not have standing to quash the subpoena, this Court should deny his motion.

### *The Subpoena is Proper*

Even if this Court were to reach the merits of defendant's motion, it should be denied. The Government represents that the dominant purpose of the subpoena is proper, and the defendant cannot demonstrate otherwise.

The Supreme Court has repeatedly emphasized that the grand jury has an important and broad role in the criminal justice system:

> [T]he grand jury can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not. The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred. As a necessary consequence of its investigatory function, the grand jury paints with a broad brush. A grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.

*United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991) (internal quotation marks and citations omitted). Thus, when "a subpoena is challenged on relevancy grounds, the motion to quash must be denied unless the district court determines that there is no reasonable possibility that the

category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation." *Id.* at 301.

Contrary to the thrust of Patrick James's motion, "[a] grand jury's investigative power does not end when it indicts a defendant. Instead, 'post-indictment action is permitted to identify or investigate other individuals involved in criminal schemes or to prepare superseding indictments against persons already charged.'" *United States v. Meregildo*, 876 F. Supp. 2d 445, 448-49 (S.D.N.Y. 2012) (quoting *United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997)) (citations omitted); *see also United States v. Chambers*, No. 17 Cr. 396, 2017 WL 4857599, at *4 (S.D.N.Y. Oct. 26, 2017) (citing *In Re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 483 (S.D.N.Y. 2017) (A grand jury subpoena is properly issued where the Government's purpose is "to extend[] the reach of its investigation to other parties who have yet to be charged," or to "file additional charges against [the defendant] in a superseding indictment if it discovers more evidence of misconduct preceding or following the charged period.")); *United States v. Bergstein*, No. 16 Cr. 746 (PKC), 2017 WL 4535944, at *2 (S.D.N.Y. Oct. 10, 2017) ("A grand jury, however, may continue its investigation into further criminal activity—even when the resulting evidence may relate to pending indictments—so long as the subpoena does not manifest such a dominating purpose.") (citing *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994); *United States v. Long*, 697 F. Supp. 651, 658 (S.D.N.Y. 1988).

Moreover, post-indictment grand jury subpoenas enjoy a presumption of regularity. *See Leung*, 40 F.3d at 581 ("[T]he timing of the [post-indictment] subpoenas does not undermine the presumption of regularity that attaches to the grand jury proceedings."); *see also United States v. Punn*, 737 F.3d 1, 6 (2d Cir. 2013). Thus, "a defendant seeking to exclude evidence obtained by a post-indictment grand jury subpoena has the burden of showing that the Government's use of the grand jury was improperly motivated." *United States v. Bin Laden*, 116 F. Supp. 2d 489, 492 (S.D.N.Y. Oct. 5, 2000) (quoting *Leung*, 40 F.3d at 581); *In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990*, 741 F. Supp. 1059, 1061 (S.D.N.Y. 1990) ("In the absence of a factual showing to the contrary, however, there is a presumption of regularity of the grand jury proceedings." (citing *In re Grand Jury Proceedings,* 632 F.2d 1033, 1041 (3d Cir.1980))). A defendant's self-serving assertions will not suffice. Rather, Patrick James must present "particularized proof of an improper purpose." *Punn*, 737 F.3d at 6 (quoting *United States v. Salameh*, 152 F.3d 88, 109 (2d Cir. 1998)).

"[A]bsent some indicative sequence of events demonstrating an irregularity, a court has to take at face value the Government's word that the dominant purpose of the Grand Jury proceedings is proper." *United States v. Ohle*, 678 F. Supp. 2d 215, 233 (S.D.N.Y. 2010) (quoting *United States v. Raphael*, 786 F. Supp. 355, 358 (S.D.N.Y. 1992), *aff'd sub nom. United States v. Alegria*, 980 F.2d 830 (2d Cir. 1992). A grand jury has the authority to explore "every available clue," *United States v. Stone*, 429 F.2d 138, 140 (2d Cir. 1970), and the Government need not inform a defendant of all possible purposes for a grand jury subpoena. *Leung*, 40 F.3d at 581-82 (Government not required to produce specific proof as to the grand jury's purpose in issuing post-indictment subpoena). Only in the "'clearest case of abuse' should a court disrupt the 'inquisitorial power of the grand jury.'" *United States v. Vilar*, No. S3 05 Cr. 621 (KMK), 2007 WL 1075041, at *44 (S.D.N.Y. Apr. 4, 2007) (citations omitted).

In light of the law of the Circuit, Patrick James has not come close to making the showing required to halt the grand jury's investigation. James's threadbare arguments regarding the "timing, subject matter, and cited offenses" (Mot. 7) do nothing to overcome the presumption of regularity, much less to establish "concrete allegations of Government misconduct." *United States v. Calk*, 87 F.4th 164, 186 (2d Cir. 2023) (quoting *Leung*, 40 F.3d at 582). Indeed, each of his arguments is meritless:

- First, there is no inference of impropriety to be drawn from the "timing" of the subpoena relative to the timing of the Patrick James indictment. The Court of Appeals has held that post-indictment subpoenas are presumed valid. *Leung*, 40 F.3d at 581; *Jones*, 129 F.3d at 723.

- Second, the subject matter of the records sought does not reveal an improper purpose of the subpoena. A grand jury has the authority to review "every available clue" in an investigation, *Stone*, 429 F.2d at 140, and a subpoena may not be quashed on relevancy grounds unless the movant demonstrates that there is "no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation." *R. Enters., Inc.*, 498 U.S. at 301. The defendant's say-so does not satisfy that burden. To that end, the Court need not accept Patrick James's assertion that the "documents sought by the Subpoena could not plausibly lead to new charges against Mr. James or anyone else." (Mot. 9). Necessarily a defendant may not understand the purpose of a subpoena. *R. Enters., Inc.*, 498 U.S. at 300-301. But it would be remarkable if a defendant could frustrate a grand jury's work simply by decreeing that the evidence sought would not be useful to an investigation.

- Third, Patrick James's exegesis of the subpoena's cited offenses ignores that additional violation of those statutes, violations by others, or expanded violations of those same statutes would support further investigation. *E.g.*, *Meregildo*, 876 F. Supp. 2d at 448-49. And, of course, the subpoena included a statute—Section 10(b) of the Exchange Act—that does not feature in the Indictment. Again, James cannot dismiss the relevance of that statute simply by speculating what the requested records may show and how they would (or would not) not relate to a Section 10(b) violation.

The Government represents that the dominant purpose of the subpoena is proper. The defendant's speculative and self-serving claims to the contrary are inaccurate and, in any case, insufficient to show irregularity in the grand jury process. Given the defendant's failure to carry that burden, the Government's representation alone disposes of James's motion. *Ohle*, 678 F. Supp. 2d at 233; *Raphael*, 786 F. Supp. at 358.

Although Patrick James's motion can be summarily denied, the Government simultaneously provides the Court with *ex parte* information to demonstrate that the continuing use of grand jury subpoenas—including the subpoena issued to Cooperative Title Agency—is plainly appropriate.

### *Conclusion*

The defendant's motion is meritless. The defendant lacks standing to challenge a subpoena issued to a non-party in this criminal case. The defendant's motion also fails under settled caselaw that authorizes post-indictment subpoenas. Accordingly, the Court should deny the motion to quash and order Cooperative Title Agency to produce responsive records as directed.

Very truly yours,

JAY CLAYTON
United States Attorney

By: _____

Nicholas W. Chiuchiolo | Marguerite B. Colson
Peter J. Davis | Sarah Mortazavi
Assistant United States Attorneys

cc: Defense counsel (by ECF)