# EXHIBIT B

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7083**

WRITER'S EMAIL ADDRESS
**scotthartman@quinnemanuel.com**

March 18, 2026

**Via E-Mail**

Peter Davis
Assistant United States Attorney
Southern District of New York
26 Federal Plaza
New York, NY 10278

Re:    Bill of Particulars Demand
_United States v. Patrick James_, 26 Cr. 29 (AT) (S.D.N.Y.)

Dear: Mr. Davis,

Pursuant to Federal Rule of Criminal Procedure 7(f) and Local Criminal Rule 16.1, we write on behalf of our client, defendant Patrick James, to request that the Government provide a bill of particulars in response to the requests set forth below. _See United States v. Davidoff_, 845 F.2d 1151, 1154 (2d Cir. 1988) ("A bill is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" (quoting _United States v. Bortnovsky_, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam))).

In light of your refusal to support any adjournment of the trial, which is currently scheduled to begin on July 15, 2026, we ask that the Government provide the requested information—or its position with respect to each request—no later than March 25, 2026. The paragraph numbers referenced below correspond to the paragraphs of the Indictment (ECF No. 2).

## I.    Requested Particulars

1.    **Paragraphs 1, 2, 5, 12, 13, 34, 37, 39** – Please identify each known co-conspirator, including each member of the alleged "inner circle" of First Brands executives referenced in paragraphs 13 and 34.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2.    **Paragraphs 1, 2, 8, 9, 10, 12, 16, 22, 39, 47, 51** – Please identify each and every financial institution, as that term is defined in 18 U.S.C. § 20, that the Government contends was affected by or was a victim of any of the charged schemes, including each factor, supply-chain financer, asset-backed lender, and Off-Sheet Lender.

3.    **Paragraphs 1, 2, 12, 15, 16, 20, 22, 24, 29, 36** – Please identify each and every alleged victim of each of the charged schemes, including the identity of each lender, financer, factor, and creditor the Government contends was exposed to, or suffered, financial loss as a result of the defendants' alleged conduct, and for each victim, please identify:

> (a)    The scheme or schemes in which the Government contends that victim was defrauded;
>
> (b)    The approximate amount of loss attributable to that victim, where applicable; and
>
> (c)    The specific false or misleading representations or omissions directed at that victim.

4.    **Paragraphs 2, 12, 13, 14** – Please identify each and every invoice that the Government contends was misstated, fictitious, falsely inflated, or double- or triple-pledged, and for each such invoice, please identify:

> (a)    The invoice number or other identifying information;
>
> (b)    The purported customer or counterparty;
>
> (c)    The stated invoice amount and, where applicable, the true invoiced amount;
>
> (d)    The date the invoice was created and the date it was submitted to a factoring counterparty;
>
> (e)    The factoring counterparty to which it was submitted; and
>
> (f)    The means/instrumentality by which it was submitted.

5.    **Paragraphs 12, 13** – For each fake, falsely inflated, or double-pledged invoice alleged to have been submitted to a factoring counterparty, please identify the following:

> (a)    Each and every invoice you contend was false, inflated, fictitious, or double-pledged;
>
> (b)    The date of each such invoice;

2

(c)      The author(s) or preparer(s) of each such invoice;

(d)      The factoring counterparty to which each such invoice was submitted;

(e)      The amount of each such invoice and, where applicable, the true invoiced amount; and

(f)      The means/instrumentality by which each such invoice was transmitted.

6.      **Paragraph 12** – Please identify the "four factoring partners[.]"

7.      **Paragraph 13** – Please identify each member of the alleged "inner circle" of First Brands executives to whom communications from third parties, including Factor-1, were allegedly restricted.

8.      **Paragraph 14** – Please identify "Factor-1" and each and every allegedly fictitious or falsified invoice sold or submitted to Factor-1 and, for each invoice, please identify:

(a)      The date of submission;

(b)      The purported customer and invoice amount;

(c)      The true invoiced amount, if any;

(d)      The means/instrumentality by which it was transmitted.

9.      **Paragraph 16** – For each instance in which First Brands allegedly "submitted false and misleading invoice information and false and misleading information about First Brands' financial position to induce financers to increase the amount of funds advanced[,]" please identify the following:

(a)      Each and every "false and misleading invoice" or "false and misleading information about First Brands' financial position" submitted;

(b)      The date each such "false and misleading invoice" or "false and misleading information about First Brands' financial position" was submitted;

(c)      The individual(s) who submitted the invoice and/or information on behalf of First Brands;

(d)      The recipient(s) of each such "false and misleading invoice" or "false and misleading information[;]"

(e)      The "financers" who were allegedly induced by each such "false and misleading invoice" or "false and misleading information[;]" and

3

(f)     The means/instrumentality by which each such invoice and/or information was submitted.

10.    **Paragraphs 16, 17, 18** – For each alleged "round trip" or "corporate initiative" transaction involving accounts-payable factoring, please identify the following:

(a)     Each and every specific transaction that you contend was a fraudulent "round trip[;]"

(b)     The date and amount of each such transaction;

(c)     The supply-chain "financer[]" involved;

(d)     The third-party bill-processing intermediary involved;

(e)     The "senior executives" who allegedly directed, approved, or participated in each such transaction; and

(f)     The means/instrumentality by which the funds were routed.

11.    **Paragraph 18** – Please identify each internal treasury report referenced in this paragraph, including the date of each report, its recipients, and the specific "corporate initiatives" referenced therein.

12.    **Paragraph 18** – For each and every "communication[] . . . discuss[ing] the scale, timing, and necessity of round-trip payments to manage short-term liquidity," please identify the following:

(a)     The date of each communication;

(b)     The author(s) of the communication, including the "Vice President of Finance[;]"

(c)     The recipient(s) of the communication;

(d)     The "round-trip payment[]" allegedly at issue;

(e)     The means/instrumentality by which the communication was made.

13.    **Paragraphs 19, 20** – For each instance in which a fabricated "cover" invoice or false aggregate invoice was created to allegedly satisfy financer diligence requests, please identify the following:

(a)     Each and every fabricated invoice;

(b)     The date of each such fabricated invoice;

(c)     The preparer(s) of each such invoice;

(d)     The financer to which it was submitted; and

(e)     The means/instrumentality by which it was submitted.

14.     **Paragraph 20** – Please identify each consolidated financial statement in which First Brands allegedly reported supplier-finance amounts that were a fraction of actual liabilities, and for each, please identify:

(a)     The date of the financial statement;

(b)     The amount reported;

(c)     The actual outstanding supply-chain financing liability at the time; and

(d)     The individuals who prepared or approved the financial statement

15.     **Paragraphs 21, 22, 23** – Please identify each of the "James Entities" alleged to have been wholly owned and controlled by Mr. James and used in connection with the off-balance-sheet inventory-financing arrangements.

16.     **Paragraphs 22, 23, 24, 25, 26, 27, 29** – For each and every representation that the Government contends was false or misleading with respect to the Off-Sheet Lenders and/or the James Entities (including representations regarding the nature and existence of collateral, inventory schedules, account documentation, and related-party disclosures), please identify the following:

(a)     Each and every specific false or misleading representation or omission;

(b)     The date each such representation or omission was made;

(c)     The individual(s) who made or caused to be made each such representation or omission;

(d)     The Off-Sheet Lender or other counterparty to which each such representation or omission was directed;

(e)     The specific collateral, inventory, or other asset to which each such representation or omission related; and

(f)     The means/instrumentality by which each such representation or omission was communicated.

17.     **Paragraph 22** – Please identify each and every "inventory-financing arrangement[.]"

5

18.    **Paragraphs 22, 25** – Please identify each of the three "Off-Sheet Lenders" alleged to have advanced funds to the James Entities.

19.    **Paragraph 24** – Please identify each instance in which First Brands allegedly denied having off-balance sheet financing agreements, and for each, please identify:

(a)    The date and location of the statement;

(b)    The individual(s) who made the statement on behalf of First Brands;

(c)    The lender to which the denial was directed; and

(d)    The means/instrumentality by which the denial was communicated.

20.    **Paragraph 24** – Please identify the "high-priority lender" and the "senior executive[]" who allegedly "falsely represented that First Brands had 'no off-balance sheet financing' involving 'special purpose entities[.]'"

21.    **Paragraphs 24, 25 –** Please list the "senior lenders" identified in these paragraphs, and for each lender identified, the date, location, and means of communication alleged.

22.    **Paragraph 25** – For each falsified inventory schedule or account documentation alleged to have been submitted to Off-Sheet Lenders, please identify the following:

(a)    Each and every falsified document;

(b)    The date of each such document;

(c)    The preparer(s) of each such document;

(d)    The Off-Sheet Lender to which it was submitted; and

(e)    The means/instrumentality by which it was transmitted.

23.    **Paragraphs 26, 27** – Please identify each transaction alleged to have been used to disguise loan proceeds from the Off-Sheet Lenders as ordinary customer receipts, including:

(a)    The date and amount of each such transaction;

(b)    The Off-Sheet Lender involved;

(c)    The "customer collections entity" involved;

(d)    The First Brands subsidiaries across which funds were disbursed; and

6

(e)      The specific "pre-determined percentages" applied.

24.    **Paragraph 28** – Please identify each instance in which Mr. James allegedly "siphoned" funds from Off-Sheet Lenders into his personal accounts, and for each, please identify:

(a)      The date and amount of each such transfer;

(b)      The source account and destination account; and

(c)      The means/instrumentality of the transfer.

25.    **Paragraph 28** – Please identify each instance in which Edward James allegedly received commission fees in connection with the inventory-financing arrangements, including the amount, the date, and the Off-Sheet Lender involved.

26.    **Paragraphs 30, 31** – For each financial statement alleged to have been false and misleading and disseminated to asset-backed lenders, please identify the following:

(a)      Each and every financial statement at issue;

(b)      The date of each such statement;

(c)      The specific false or misleading information contained therein;

(d)      The individual(s) who prepared or approved each such statement;

(e)      The lender(s) to which each such statement was disseminated; and

(f)      The means/instrumentality by which each such statement was transmitted.

27.    **Paragraphs 30, 31, 32** – For each and every financial metric, financial statement, or EBITDA representation that the Government contends was false or misleading and was provided to First Brands' lenders or auditors, please identify the following:

(a)      Each and every specific financial metric, line item, or EBITDA figure the Government contends was misstated;

(b)      The date of each such misstatement and the financial statement or report in which it appeared;

(c)      The manner in which the Government contends each such metric or figure was misstated, including the specific adjustments alleged to have been made (including, without limitation, each adjustment reflected in any internal "bridge" file);

(d) The amount or figure the Government contends was reported, and the amount or figure the Government contends was accurate;

(e) The individual(s) who prepared, approved, or directed each such misstatement; and

(f) The lender(s) or auditor(s) to which each such misstated financial statement or representation was disseminated.

28. **Paragraph 31** – Please identify each internal "bridge" file alleged to have been maintained by First Brands employees, including the date(s) of each such file, the preparer(s), and each specific financial adjustment contained therein.

29. **Paragraph 31** – Please identify the source of the internal communication quoted in this paragraph ("Talked with PJ [PATRICK JAMES]. Want to: reduce factoring by 3. Reduce interest by 6. Reduce non cash by 14. Increase restructuring 14."), including the author, date, recipient(s), and means of communication.

30. **Paragraph 32** – Please identify each instance in which Mr. James allegedly certified to First Brands' outside auditors that First Brands had no related-party arrangements, and for each, please identify:

(a) The date and form of each certification;

(b) The outside auditor to which each certification was directed; and

(c) The means/instrumentality of each certification.

31. **Paragraph 33** – For all "materially false and misleading information" allegedly provided to "the asset-backed lenders regarding the collateral allegedly securing their loans[,]" please identify the following:

(a) All "materially false and misleading information[;]"

(b) The date(s) such "false and misleading information" was communicated;

(c) The specific false or misleading information communicated;

(d) The individual(s) who prepared, approved, and made each such communication;

(e) The lender(s) to which each such communication was disseminated;

(f) The collateral at issue in each such communication; and

(g) The means/instrumentality by which each such communication was transmitted.

8

32.    **Paragraph 33** – Please identify each asset alleged to have been encumbered by defendants without the knowledge or approval of First Brands' asset-backed lenders, including the nature of each asset, the lender whose security interest was affected, and the approximate date of encumbrance.

33.    **Paragraph 34** – Please identify each instance in which employees in the alleged "inner circle" withheld information from factor partners or auditors in April or May 2025, including the individuals involved, the information withheld, and the counterparty from whom it was withheld.

34.    **Paragraph 35** – Please identify each specific transfer or payment by which Mr. James allegedly received hundreds of millions of dollars in gross proceeds into his personal accounts, including the amount, date, and source of each such transfer.

Mr. James reserves all rights, including the right to supplement these requests.

\* \* \*

Thank you very much for your anticipated professional courtesy and cooperation.  Please feel free to contact us if there is anything you would like to discuss.

Very truly yours,

Scott Hartman
William Burck
Sara Clark

cc:    AUSA Nicholas Chiuchiolo
       AUSA Marguerite Colson
       AUSA Sarah Mortazavi