# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

April 3, 2026

**By Email**

Scott Hartman, Esq.
William Burck, Esq.
Sara Clark, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue,
New York, New York 10016-7103

  Re: *United States v. Patrick James*, 26 Cr. 29 (AT)

Dear Counsel:

  The Government writes in response to your March 18, 2026 letter requesting "immediate production of all exculpatory and impeachment material . . . as well as additional information concerning the discovery produced to date." The Government takes its disclosure obligations seriously and has worked diligently throughout this investigation to fulfill them. As discussed, the Government is undertaking a review of all notes and reports of witness interviews in this matter and will promptly disclose all materials subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

  As an initial matter, your Letter defines "Government" to encompass not only the United States Attorney's Office for the Southern District of New York, but also the United States Attorney's Office for the Northern District of Ohio, the Office of the Deputy Attorney General, the Criminal Division of the Department of Justice, the Securities and Exchange Commission ("SEC"), the Federal Bureau of Investigation, the United States Secret Service, and any other federal, state, or local agency involved in any way in this investigation. That characterization is incorrect. The SEC, and other agencies not working with this Office, are not part of the prosecution team. For the avoidance of doubt, "Government" refers to the United States Attorney's Office for the Southern District of New York. Additionally, to fulfill its disclosure obligations in this case, the Government has collected records from the United States Attorney's Office for the Northern District of Ohio; the Federal Bureau of Investigation; the Department of Homeland Security, Homeland Security Investigations; and the Internal Revenue Service, Criminal investigations. The Government's *Brady* and Rule 16 obligations, however, run to the records and information in the prosecution team's possession, custody, and control, not to the federal government writ large.

  We address your demands below, organized to correspond with the structure of your letter. As a threshold matter, many of the letter's demands are overbroad, seek material not subject to disclosure under applicable rules, or request that the Government undertake obligations it does not have. As the former owner and manager of First Brands Group, your client is uniquely knowledgeable about the information that may be in the company's files. While your letter makes

general, boilerplate requests, to the extent you believe there is a specific, identifiable document or documents that would be material to the defense, please identify them in as much detail as possible and we will meet and confer with you about the materials.

We are also mindful of the firm July 13, 2026 trial date and are committed to making all required disclosures on a schedule consistent with the Court's pretrial calendar and to enable the defendant to make fair and effective use of any favorable information not already produced. We propose to meet and confer regarding a proposed schedule for pretrial disclosures, which would include deadlines for the defense's reciprocal obligations under Rule 16(b).

## I.  FBG Internal Investigation Material and Information

Your letter contends that First Brands Group, LLC ("FBG") and its advisors, including Weil, Gotshal & Manges LLP and Alvarez & Marsal (the "FBG Advisors"), are members of the Government's prosecution team by virtue of their cooperation with the Government's investigation, and on that basis demands production of broad categories of materials in FBG's and the FBG Advisors' possession. This premise is incorrect. The fact that a third party cooperated with the Government's investigation does not make that third party part of the prosecution team for *Brady* or Rule 16 purposes. Regardless, as you are aware, the Government has obtained substantial FBG records and has disclosed those records to the defense. *See, e.g.*, SDNY_JAMES_00158985 through SDNY_JAMES_04165133. To the extent you demand records not in the prosecution team's possession, including records solely in the possession of FBG and the FBG Advisors, there is no legal basis for your request.

We respond to the specific requests within Section I as follows:

Requests 1(a)–(b): Legal Process Issued to, and Cover Letters Received from, FBG

Your letter demands all legal process issued to FBG and all cover letters accompanying FBG's productions to the Government. There is no legal basis for your demand for legal process or document requests. To the extent the Government received cover letters accompanying document productions from FBG, the Government has included those letters in its disclosures to the defense. With respect to the specific inquiry in footnote 2 of your letter regarding whether cover letters exist for all production volumes, the documents corresponding to Volumes 3 and 4 were produced to the Government without corresponding cover letters.  Volume 3 contains a Cellebrite extraction of communications between Andrew Brumbergs and Patrick James. Volume 4 contains a Cellebrite extraction of communications between Andrew Brumbergs and Edward James.  Should you have trouble locating or identifying the material in those volumes, we are available to discuss.  Any productions made after Volume 20 will be timely produced to you. Finally, to the extent the Government has received other communications that contain statements subject to the Jencks Act, we will disclose those statements in advance of trial.

Request 1(c): Civil-Criminal Discovery Coordination

Your letter demands communications between FBG and the Government concerning "the coordination of civil and criminal discovery or the sharing information between the bankruptcy proceeding . . . and this criminal investigation, including but not limited [sic] communications

regarding a potential stay of civil discovery, whether sought by FBG or the Government." As written, this request is overbroad and unclear. There is no legal basis for your demand for communications regarding coordination. To the extent you believe such a request is legally valid, please provide legal authority in support.

### Requests 1(d)–1(u): Various Categories of Government-FBG Communications

Your letter demands an extensive array of communications, and notes of communications, between FBG and the Government. To the extent communications between FBG and the Government are subject to disclosure under Fed. Rule 16(a), *Brady*, or the Jencks Act, the Government either has disclosed them or will disclose them at the appropriate juncture. To the extent you seek records not subject to disclosure under Rule 16(a) or Brady, your request is improper. We address several requests specifically:

With respect to Request 1(i), we are aware of no authority entitling you to communications between the Government and FBG about the scheduling of witness interviews or the planned topics of such interviews. To the extent you are aware of legal authority supporting your entitlement to such materials, please provide it.

With respect to Request 1(j), your request is unclear, and we are aware of no authority entitling you to communications between the Government and FBG about why or how employees came to participate in FBG's investigation. To the extent you are aware of legal authority supporting your entitlement to such materials, please provide it.

With respect to Requests 1(k) and 1(l), there is no legal basis for your request for communications with FBG about resolution of any civil or criminal matter, or the company receiving cooperation credit. If you believe otherwise, please provide the legal authority.

With respect to Request 1(m), we intend to produce proffer agreements, non-prosecution agreements, deferred prosecution agreements, and/or immunity letters at the time we produce Jencks Act material.

With respect to Requests 1(n) and 1(o), there is no basis under Rule 16 or *Brady* for the discovery of FBG's document collection and production protocols, its custodian lists, or its search terms, nor a basis to demand such a production from the Government. If you believe otherwise, please provide the legal authority.

With respect to Request 1(r), the Government reiterates that FBG is not part of the prosecution team, and the Government's obligation to seek out Brady material from third parties is not unbounded. The Government does not have direct access to FBG's files to conduct its own review. Additionally, the Government is under no legal obligation to produce communications about any requests to identify exculpatory or impeachment information. Nonetheless, the Government took steps during its investigation to preserve and collect categories of records that may contain exculpatory or impeachment information, including images of the full electronic mailboxes of certain cooperating witnesses. Those records were furnished to the Government by FBG and have been produced to the defense.

With respect to Request 1(s), as set forth above, the SEC is not part of the prosecution team. The Government's *Brady* and Rule 16 obligations do not extend to materials solely in the SEC's possession. As a courtesy, the Government has produced materials that the SEC collected as part of its investigation and produced to SDNY.

Request 2: Other Records in the Possession of FBG

Request 2 in your letter seeks various records in the possession of FBG pertaining to Patrick James. To the extent those records have been collected by the Government and are subject to disclosure under Fed. R. Crim. P. 16(a), *Brady*, or the Jencks Act, the Government either has disclosed them or will disclose them at the appropriate juncture.

## II. Additional *Brady* and Rule 16 Material Requests

Request II(A)(a): Underlying Invoices

Your letter demands the production of "[a]ll underlying invoices reflected in Excels produced to date concerning FBG's operational and financial affairs, including the factoring arrangements, SPV financing structures, or accounts payable programs." *See* Request II(A)(a). The Government has disclosed these materials to the extent they are in the Government's possession. To the extent you seek records not in the prosecution team's possession, the Government does not have an obligation to obtain those records from third parties.

Requests II(A)(b)–(c): Metadata

Your letter demands metadata fields for all records produced in discovery. The Government has produced standard metadata fields to the extent those metadata fields are in the Government's possession. There are instances in which records obtained from third parties did not contain metadata or contained limited metadata. For instance, the document bearing bates number SDNY_JAMES_04628073, and which you specifically identify in your letter, was obtained from Katsumi Servicing, LLC. As produced to the Government, this document has the following metadata fields: master date; file name; file type; file extension; file size; file patch; from; subject; date received; date sent. Your letter, however, states that this document contains no to/from data. To the extent your description is not in error, and this document does not contain above-described metadata as produced to you, please promptly inform the Government so the undersigned AUSAs can address any production errors.

With respect to video files, the Government similarly produced video files with metadata as received. If specific video files are missing metadata that was provided to the Government, please identify them by Bates number and we will investigate.

Requests II(A)(d): Confidential Informants, Cooperating Witnesses

Your letter demands all documents and certain categories of information "concerning any confidential informant, cooperating witness, or undercover agent utilized in connection with this investigation or any related investigation." The Government understands its disclosure obligations under Rule 16, *Brady*, *Giglio*, and *Roviaro v. United States*, and intends to comply with them. To

the extent you seek records not subject to disclosure under these authorities, your request is improper.

### Request II(A)(e): Grand Jury Transcripts

Your letter demands all grand jury transcripts. Grand jury transcripts are protected from disclosure under Rule 6(e) of the Federal Rules of Criminal Procedure absent a particularized showing of need. See Fed. R. Crim. P. 6(e)(3)(E)(i). To the extent grand jury testimony constitutes Jencks Act material for a testifying witness, the Government will produce it at the appropriate time. To the extent you seek grand jury transcripts beyond those subject to production under the Jencks Act or Brady, your demand exceeds your entitlement under applicable law.

### Request II(A)(f): Memoranda of Witness Interviews

The Government is reviewing all notes and reports of witness interviews and will promptly disclose all materials subject to disclosure under *Brady* and the Jencks Act. With respect to your assertion that the Government has notes of interviews in which FBG employees denied that Mr. James directed, authorized, or was aware of the conduct alleged in the indictment: the Government takes seriously its obligation to disclose all material exculpatory information, and will do so. The Government's ongoing review encompasses this category of material to the extent it exists.

### Requests II(A)(g)–(h): Third-Party Production Correspondence and Privilege Logs

It has been the Government's practice in this case to include in its disclosures third-party production letters received by the Government. The Government will continue to do so. To the extent third-party privilege logs are in the prosecution team's possession and subject to disclosure, they will be produced. This material is not required to be produced under Rule 16 as a general matter, however, but we have and will continue to produce this material as a courtesy where in our possession.

With respect to the scope of communications between the Government and third parties concerning document productions: to the extent communications between the Government and third parties are subject to disclosure under Rule 16(a), *Brady*, or the Jencks Act, the Government either has disclosed them or will disclose them at the appropriate juncture. To the extent you seek records not subject to disclosure under Rule 16(a) or *Brady*, your request is improper.

### Request II(A)(i): Statements of Mr. James

Your letter demands all statements of Mr. James. The Government notes that the arresting law enforcement agents did not conduct a post-arrest interview of Mr. James. Beyond that, the Government is aware of its obligations under Rule 16(a) and intends to comply with them. To the extent you seek records not subject to disclosure under Rule 16(a), your request is improper.

Requests II(A)(j)–(k): Co-Conspirator Statements and Rule 404(b) Notice

Your letter requests the Government's Rule 801(d)(2)(E) co-conspirator statement disclosures and Rule 404(b) notices. As noted above, we propose to meet and confer on a pretrial disclosure schedule that will include these items, along with the defense's reciprocal obligations.

Request II(A)(l): Expert Notices

The Government will provide expert notices in accordance with the schedule established by the Court or agreed upon by the parties. We look forward to discussing the pretrial schedule at a meet-and-confer.

Request II(B)(1): Privilege Review Methodology and Filter Team Procedures

In connection with the review of records obtained pursuant to search warrants, the Government used a filter team, consistent with standard practice in this District. As you are aware, the filter team segregated potentially privileged materials from the prosecution team's review. Whether any of the records that the filter team segregated are in fact privileged remains unsubstantiated. To the extent you believe you are entitled at this time to additional information about the filter team's review, please provide your legal authority from this Circuit.

With respect to your demand that the Government identify which third parties asserted privilege over portions of their productions, identify the volume of withheld or redacted material, and disclose whether the Government independently reviewed those privilege assertions: to the extent privilege logs from third-party producers are in the Government's possession, they will be produced as set forth above. The Government is not obligated, however, to second-guess or independently adjudicate third-party privilege designations in productions made by represented parties.

Your letter demands that the Government identify "the criteria, protocols, and review methodology" used to identify whether the documents produced on March 2, 2026 constitute *Brady* material. The Government is not under any legal obligation to make such identifications as long as the documents have been produced to you. To the extent you believe you are entitled to additional information, please provide the authority. To the extent you identify specific documents or categories of documents that you believe constitute *Brady* material and have not been disclosed, please bring them to our attention.

C. Communications with Victims and Third-Party Subpoena Recipients

With respect to each putative victim and third-party subpoena recipient in this case, your Letter requests that the Government produce the same broad categories of communications, notes, presentations, agreements, and privilege logs demanded in Section I with respect to FBG and the FBG Advisors. None of the entities is a member of the prosecution team, and the Government's *Brady* and Rule 16 obligations extend only to material within the prosecution team's possession, custody, and control. The Government has produced records obtained from these entities pursuant to legal process and has included production cover letters in its disclosures where received. To the extent communications between these third parties and the Government are subject to disclosure

under Rule 16(a), *Brady*, or the Jencks Act—including, in particular, any cooperation or non-prosecution agreements with any such entity or its personnel—the Government either has disclosed them or will disclose them at the appropriate juncture. To the extent you seek records from these entities not in the prosecution team's possession, your request is improper.

### III. Exculpatory and Impeachment Material Regardless of Source

Universal Topics (Requests III(A)(1)–(14))

Your letter demands identification and production of all materials—including agent notes, memoranda of interviews, and grand jury testimony—containing any information on fourteen enumerated topics, each framed as supporting an inference favorable to Mr. James. The Government is aware of its obligations under *Brady*, *Giglio*, and Justice Manual § 9-5.001, and it takes those obligations seriously. The Government will disclose all material exculpatory and impeachment information in the prosecution team's possession, including information bearing on the topics your letter identifies, consistent with its continuing disclosure obligations. The Government notes that many of the topics in Section III are subjects on which its ongoing review of witness interview notes and reports is specifically focused. The Government will make its disclosures on a rolling basis as that review is completed, and sufficiently in advance of trial to enable the defendant to make meaningful use of the material. Additionally, many of the materials requested in this part of the letter are covered by the Jencks Act and will be produced in advance of trial.

Individual Cooperators and Counsel (Requests III(B)–(D))

Your letter demands disclosure of all materials suggesting that Andrew Brumbergs, Stephen Graham, and Michael Baker each independently managed FBG's relevant financial operations without the direction or knowledge of Mr. James, as well as all agreements between the Government and each of those individuals. With respect to cooperation and related agreements: the Government is aware of its *Giglio* obligations and will timely disclose all such agreements. With respect to substantive statements by Brumbergs, Graham, and Baker bearing on Mr. James's knowledge and involvement: to the extent such statements are in the prosecution team's possession and are subject to *Brady* or Jencks Act disclosure, they will be produced consistent with the Government's ongoing review obligations at the appropriate time.

With respect to Michael Baker specifically, your letter raises the questions whether Mr. Baker was acting as an attorney, whether the Government obtained or reviewed privileged communications involving Mr. Baker, and whether FBG waived privilege over those communications without Mr. James's knowledge or consent. The Government is alert to your litigation position on these issues generally, and as described above has been in contact with defense counsel, counsel for FBG, and with other third parties about relevant privilege issues. To the extent you believe particular communications are privileged, and that the privilege belongs to Mr. James, please let us know as soon as possible, consistent with your obligations to assert privilege over such communications. To the extent the Government has information falling in these categories that is subject to disclosure as *Brady*, it will be produced promptly and on a rolling basis.

**IV. Identification of *Brady* Material**

Your letter invokes Justice Manual § 9-5.001(c) and requests that the Government's disclosures comply with its requirements, including disclosure of information that "casts a substantial doubt upon the accuracy of any evidence" the Government intends to rely on, as well as information "inconsistent with any element of any crime charged." The Government is committed to fulfilling its disclosure obligations under Justice Manual § 9-5.001 as well as under *Brady* and *Giglio*. The Government is not required, however, to provide specific identification by Bates range of every item it contends constitutes *Brady* material; the Government's obligation is to produce, not to catalog. To the extent you have identified specific Bates numbers you believe reflect *Brady* material already produced, we are prepared to discuss those specifically. We look forward to meeting and conferring on a disclosure schedule that will address the timing of the Government's ongoing production obligations and any remaining pretrial matters.

**V. Reciprocal Disclosure**

The Government notes that the grand jury issued a lawful subpoena to Mr. James seeking certain records relevant to its investigation. On or about November 18, 2025, counsel for Mr. James informed the Government that Mr. James would refuse to produce records to the Government and was invoking his Fifth Amendment right against self-incrimination. The Government understands that Mr. James possesses vast records relating to FBG, including electronic devices that contain FBG records. The Government reminds Mr. James of his disclosure obligations under Rule 16(b). To date, the Government has received no records from Mr. James.

Very truly yours,

JAY CLAYTON
United States Attorney

by: /s _____

Nicholas W. Chiuchiolo
Marguerite B. Colson
Peter J. Davis
Sarah Mortazavi
Assistant United States Attorneys
(212) 637-1247 | -2587 | -2468 | -2520