# EXHIBIT D



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

April 3, 2026

**By Email**

Scott Hartman, Esq.
William Burck, Esq.
Sara Clark, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue,
New York, New York 10016-7103

Re:    *United States v. Patrick James*, 26 Cr. 29 (AT)

Dear Counsel:

The Government writes in response to your March 18, 2026 letter seeking thirty-four categories of potential trial exhibits, witness and victim identities, and evidentiary details regarding the crimes charged in Indictment 26 Cr. 29 (AT). As a professional courtesy, and to assist your client in preparing for trial, the Government agrees to supply certain additional information but declines to catalog its trial proof or index every relevant record, false statement, or fictitious certification, as you request.

Though you have styled your request as a demand for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, it reads in substance as a demand for the Government to disclose its trial theories, identify anticipated witnesses, and preview the evidentiary basis for each allegation and element of the offenses charged—relief that Rule 7(f) does not authorize and that courts in this Circuit have consistently refused to grant. A bill of particulars is not a discovery device, and it is well settled in this Circuit that a defendant is not entitled to one where, as here, the indictment itself provides constitutionally adequate notice of the charges. The Indictment in this case tracks the statutory language of the charged offenses, identifies the relevant time periods and conduct, contains lengthy allegations describing the nature of the scheme with sufficient particularity to enable the defendant to prepare a defense and plead a double jeopardy bar of any future prosecution. Nothing more is required. Moreover, the discovery materials further assist the defendant in understanding and responding to the charges brought against him.

As to your specific requests, please find below responses, which correspond to the numbered requests in your March 18 letter.[1]

---

[1] None of the Government's responses to your request should be construed as limiting the Government's allegations or its proof of those allegations. The Government reserves all rights.

1.    The defense is not entitled to the identities of co-conspirators at this juncture. As is routine, the Government will disclose a witness list and 3500 material sufficiently in advance of trial for the defense to adequately prepare. Beyond that, the Government refers you to *United States v. Peter Andrew Brumbergs and Stephen Graham*, 26 Cr. 25 (AT).

2.    While the defense is not entitled to disclosure at this juncture of "each any every financial institution" affected by the defendants' fraud, in order to assist your review of the discovery and prepare for the July 13, 2026 trial in this matter, the Government notes that at least the following financial institutions were affected by the fraud scheme: Arab Banking Corporation (NY branch); Bank of America N.A.; Deutsche Bank (US branch); First Citizens Bank; Goldman Sachs Asset Management; Norinchukin Bank (US branch); Pathward N.A.; RBC (US branch); Thrivent Bank; Truist Bank; and US Bank. Materials received from these institutions have been included in the Government's Rule 16 discovery productions.

3.    The Government is not required to disclosure at this juncture "each and every alleged victim." The Indictment describes how the scheme operated, including how it financially harmed financial counterparties and lenders, and the Government's discovery productions to the defense provide ample additional detail regarding how the alleged frauds harmed others. Additionally, in advance of trial, the Government will produce 3500 material from victim-witnesses, further assisting the defense.

4.    While the Government is not required to disclose at this juncture "each and every invoice [that] was misstated, fictious, falsely inflated, or double- or triple-pledged," in order to assist your review of the discovery and prepare for the July 13, 2026 trial in this matter, the Government directs you to the records bearing bates numbers FBG_DOJ_00026057 through FBG_DOJ_00026078, which include a listing of factored receivables and First Brands Group ("FBG") Vizion data for factored receivables.

5.    The Government refers you to its response to request four.

6.    The "four factoring partners" referred to in paragraph twelve of the Indictment are: Evolution Credit Partners; Jefferies and Leucadia Asset Management; Katsumi Servicing, LLC; and Raistone Capital LLC.

8.    Factor-1 is Katsumi Servicing, LLC. For your other requests, the Government refers you to its response to request four.

11. The Government is not required to identify "each and every internal treasury report" nor "each and every 'communication[] . . . discuss[ing] the scale, timing, and necessity of round-trip payments to manage short-term liquidity.'" Nevertheless, the Government directs your attention to illustrative examples of such reports and communications bearing bates numbers SDNY_JAMES_00620296-98, SDNY_JAMES_00634550-52, SDNY_JAMES_00634568-71, SDNY_JAMES_00693231, and SDNY_JAMES_00689895.

12. The Government refers you to its response to request 11.

14. The Government directs your attention to three categories of documents produced in discovery: FBG audited financial statements, quarterly financial reporting, and lender presentations, which contain material misstatements about FBG's total supply chain finance liabilities.

15. For a listing of entities owned and controlled by the defendant, we refer you to organizational charts disclosed to the defense, including the records bearing bates numbers: FBG_DOJ_00010709; FBG_DOJ_00010710; FBG_DOJ_00024453; FBG_DOJ_00024495; and FBG_DOJ_00024496. Entities used in Off-Sheet Lending include, but are not limited to, CI Supply, LLC; the various Carnaby entities; Patterson Inventory, LLC, and its holdings entity; Starlight Inventory I, LLC, and its holdings entity; Starlight Inventory II, LLC, and its holdings entity; Starlight Inventory III, LLC, and its holdings entity; Broad Street Inventory, LLC, and its holdings entity; Broad Street Financial, LLC, and its holdings entity; and Global Lease Assets, LLC, and its holdings entity.

18. The Off-Sheet Lenders that advanced funds to FBG include: AB CarVal; Aequum Financial Asset Management; Evolution Credit Partners; and Onset Financial, Inc.

25. The Government directs your attention to certain categories of materials produced in discovery: materials obtained from Onset Financial, Inc.; materials obtained from Helios Strategic Advisors; and bank statements for Optimus Private Capital LLC and MCMC Investment Group.

29. The Government refers you to FBG_DOJ_02166832, which the Government obtained from FBG.

30. While the defense is not entitled to disclosure at this juncture of "each instance in which Mr. James allegedly certified to First Brands' outside auditors that First Brands had no related-party arrangements," in order to assist your review of the discovery and prepare for the July 13, 2026 trial in this matter, the Government refers you to records obtained from BDO, including: BDO-SDNY_00000014;    BDO-SDNY_00000082;    BDO-SDNY_00000151;    BDO-SDNY_00000221; BDO-SDNY_00000292; BDO-SDNY_00008592; BDO-SDNY_00010289.

Finally, requests 7, 9, 10, 13, 16, 17, 19 through 24, 26 through 28, and 31 through 35 appear calculated to obtain a preview of the Government's trial proof. As you are aware, "[a] bill of particulars is not a discovery device," *United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010), and the acquisition of evidentiary detail is not its function. The Indictment and the Government's discovery productions and pretrial disclosures to the defense provide ample notice of the charges against him. To the extent you have controlling legal authority supporting any of these requests, please provide it.

The Government stands ready to assist your review of the discovery materials and to respond to reasonable additional questions you may have.

Very truly yours,

JAY CLAYTON
United States Attorney

by: _____

Nicholas W. Chiuchiolo
Marguerite B. Colson
Peter J. Davis
Sarah Mortazavi
Assistant United States Attorneys
(212) 637-1247 | -2587 | -2468 | -2520