# EXHIBIT E

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7083**

WRITER'S EMAIL ADDRESS
**scotthartman@quinnemanuel.com**

April 10, 2026

**Via E-Mail**

Peter Davis
Assistant United States Attorney
Southern District of New York
26 Federal Plaza
New York, NY 10278

Re:    Specific Request for *Brady* Material
       *United States v. Patrick James*, 26 Cr. 29 (AT) (S.D.N.Y.)

Dear: Mr. Davis,

We write on behalf of our client, Defendant Patrick James, in response to your April 3, 2026 letter response to our Specific Request for *Brady* Material. While we appreciate the Government's initial response and subsequent meet-and-confer, many of the responses remain deficient. To resolve these issues before we pursue motion practice, please provide complete responses to the issues identified below by April 17th, 2026.

## I.    **FBG *Brady* Material**

### A.    Documents and Data Outside of the Government's Current Custody

As we noted in our March 18, 2026 letter ("Brady Demand"), First Brands Group ("FBG") and its affiliates have actively assisted and participated in the Government's investigation of Mr. James and the Government is obligated to produce all *Brady* material in the possession of FBG. Brady Demand at 1–7. While the Government acknowledges it has produced some FBG records, it disclaims any responsibility to provide **all** *Brady* material in the possession of FBG, claiming "there is no legal basis for [our] request." April 3, 2026 Brady Response Letter ("Brady Response") at 2.

The Government's position is incorrect. The Government has an obligation to search for and produce all *Brady* material in the possession of the prosecution team. *See United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006). Whether someone is part of the prosecution team "does

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

not turn on the *status* of the person with actual knowledge[;]" rather, "the relevant inquiry is what the person *did*, not who the person *is*." *Id.* (emphasis in original); *United States v. Barcelo*, 628 F. App'x 36, 38 (2d Cir. 2015) (summary order) ("Individuals who perform investigative duties or make strategic decisions about the prosecution of the case are considered members of the prosecution team."); *United States v. Connolly*, 2019 WL 2120523, at *2 (S.D.N.Y. May 2, 2019) (finding conduct of company and its outside counsel during internal investigation was fairly attributable to the government).

Given the coordination between the Government and FBG present in this case, FBG is a member of the prosecution team. Please confirm the Government will make further productions of FBG documents to Mr. James, including the documents identified in the Brady Demand that may require the Government to seek additional productions from FBG. Otherwise, Mr. James will move to compel.

We also note that the Government's refusal to request the additional documents from FBG and produce them to Mr. James is particularly concerning given the importance of these documents to the case. To use just one example, Mr. James cannot defend himself in a case based on the purported alteration of invoices without the underlying invoices. *See* Brady Demand at 6. The Government cannot avoid its *Brady* obligations by relying on FBG to curate its own production in a manner that risks ensuring Mr. James never receives the exculpatory evidence in FBG's possession. Nor can the Government rely on cooperating witness testimony to establish the falsity of representations while failing to seek the documents that contain those representations from FBG and produce them to the defense. *See* Indictment ¶¶ 8–9, 12, 16. Please confirm in writing that, to the extent you intend to assert at trial that any invoices were misdescribed or fabricated, both the original invoice and the alleged misstatement or fabrication have been produced to us. If you do not confirm, we will assume the answer is no. Similarly, please confirm that you have obtained and produced all documents that memorialize any other misrepresentations upon which you intend to rely at trial.

> B.      Documents and Data Within the Government's Current Custody

There are also several categories of FBG documents and data that appear to be in the Government's custody but that you have refused to produce. Please confirm the below categories of documents and specific requests will be addressed in subsequent productions:

> 1.    **FBG Productions:** The Government has indicated that FBG productions "Volumes 3 and 4 were produced to the Government without corresponding cover letters. Volume 3 contains a Cellebrite extraction of communications between Andrew Brumbergs and Patrick James. Volume 4 contains a Cellebrite extraction of communications between Andrew Brumbergs and Edward James." Brady Response at 2. Please confirm whether the Government received complete extractions of the cellphones whose contents were produced in Volumes 3 and 4. If not, please state whether the Government requested those extractions from FBG. If the Government did not request those extractions, please explain why.

(a)     Additionally, and separately, please confirm (1) whether the Government will produce the underlying subpoena issued to FBG[1] and (2) whether the Government anticipates any productions after Volume 20.

2.    **Legal Process and FBG's Document Review:**  We reiterate our request for the subpoenas and other legal process directed to FBG, as well as the custodian lists and search terms FBG used in responding to those requests — materials the Government has refused to produce on the sole ground that there is no "basis to demand such a production."  Brady Response at 3. Without this information, we cannot assess whether the government made a good faith effort to collect all relevant information or instead relied on FBG to curate its production.  The FBG advisers have consistently advanced a narrative that attempts to blame Mr. James for the company's failure.  As such, we have significant concerns that, to the extent the Government delegated the selection of relevant documents to FBG, significant exculpatory material may remain in FBG's possession.  Please confirm the Government will produce these documents, or Mr. James will move to compel.

3.    **FBG's Privilege Review:**  We reiterate our request for communications between the Government and FBG relating to FBG's assertion or waiver of privilege and the underlying privilege logs.  *See* Brady Demand at 4.  Mr. James may assert an advice-of-counsel or presence-of-counsel defense and intends to bring pretrial motions regarding the production of his privileged communications to the Government.  Mr. James must be afforded access to documents necessary to his defense that are within the Government's current custody.  Mr. James does not have access to the FBG records and cannot assess what records may be relevant that were not produced to the Government—either because the Government did not request them or because FBG withheld them on privilege grounds.  Accordingly, we reiterate our request that the Government provide any information in its possession about what information FBG withheld on the basis of privilege and whether the Government questioned or challenged any of those privilege assertions.  Absent further clarification, the Government's response leaves us with no basis to conclude that it took any steps to assess how FBG was applying privilege designations, despite clear indications that relevant records were being withheld on that basis.  The Government's response states only that it is "not obligated . . . to second-guess . . . privilege designations in productions made by represented parties," without any indication of what steps the Government did in fact take.  *See* Brady Response at 6.  We also understand that the Government has interviewed

---

[1]  Based on our review to date, we have been unable to identify the underlying subpoena.  If it has been produced please identify it by Bates number.  We note the Government has produced at least thirty-five grand jury subpoenas to date.  *See, e.g.*, SDNY_JAMES_00020876.  The Government cannot now claim that these subpoenas are irrelevant to Mr. James' defense.

individuals who may have acted as counsel to Mr. James, including Laurie Stein, Shekhar Kumar, and Michael Baker.  We request that notes of those interviews be produced immediately so that any privilege issues can be litigated pretrial.  Please confirm that the Government will produce these materials or Mr. James will move to compel.

4.    **FBG Cooperating Witnesses:**  The Government indicated that it collected "full electronic mailboxes of certain cooperating witnesses.  Those records were furnished to the Government by FBG and have been produced to the defense."  Brady Response at 3.  Please clarify (1) the names of all cooperating witnesses for whom you collected their full electronic mailbox; (2) what date, time, or any other filter was used to create the full electronic mailbox, or whether the full electronic mailbox simply consists of all FBG emails from the witnesses since their first day of employment; and (3) whether any filters, search terms, or relevance review was applied and, if so, how it was conducted.

5.    **Government-FBG Communications:**  To the extent not covered above, we reiterate our requests for several categories of communications between the Government and FBG that the Government has refused to produce.  *See* Brady Response at 3–4.  As explained above, Mr. James is entitled to these communications because FBG is part of the prosecution team.  Please confirm the Government will produce these communications; otherwise, Mr. James will move to compel.

## II.    *Brady* **Material Possessed by Other Government Agencies**

### A.    Generally

Similarly, all other relevant Government entities that assisted in the investigation[2] are members of the prosecution team; their *Brady* material must be collected and produced by the Government regardless of whether it is currently in the Southern District of New York's custody. *See United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012).  Please confirm the Government will make these requests and productions; otherwise, Mr. James will move to compel.

### B.    SEC

With respect to the Securities and Exchange Commission, the Government has stated it "has produced materials that the SEC collected as part of its investigation and produced to SDNY." Brady Response at 4.  Based on our review of the documents to date, the SEC does not appear as a custodian or producing party in the productions received.  Please identify these produced materials by Bates number so we can confirm they have been produced.  In addition, please identify

---

[2]    This includes, at a minimum, the United States Attorney's Office for the Northern District of Ohio, the Office of the Deputy Attorney General, the Criminal Division of the Department of Justice, the Securities and Exchange Commission, the Federal Bureau of Investigation, the United States Secret Service, the Department of Homeland Security, the Internal Revenue Service and any other federal, state, or local agency involved in any way in this investigation.

the SEC matter number(s) from which the Government has produced records.  Please further confirm that you have reviewed the file and produced records for all SEC matters that implicate FBG including, but not limited to, an investigation focused on the diligence practices of Leucadia Asset Management in connection with its investments in FBG debt as has been publicly reported in the media.[3]

### C.  Confidential Informants

In our *Brady* Demand, we requested all documents concerning any confidential informant. Brady Demand at 8.  Specifically, we noted that the search warrant affidavits produced to date reference at least one confidential source who contacted the U.S. Secret Service Money Laundering Task Force in October 2022 to report alleged fraud at FBG, as well as a possible additional confidential source.  USAO_SDNY_00000220.  The Government's response does not squarely address this request and fails to confirm the existence of the informant or whether it will produce information concerning any confidential informant.  *See* Brady Response at 4–5.  Please confirm the Government will produce all documents concerning the October 2022 Secret Service informant and any other informant related to this case.  Otherwise, Mr. James will move to compel. If the Government is refusing to produce information concerning this or any other informant, it should state so plainly.

### D.  Ohio Search Warrant

We also request that the Government explain the current status of, and expected timeline for completing, its responsiveness review of materials obtained pursuant to search warrants issued by the Northern District of Ohio in March 2025 for the FBG email accounts of Edward James, Andrew Brumbergs, Linda Holt, and Joseph DiFranco.  During our March 10 meet-and-confer, the Government acknowledged that it had not completed its responsiveness review of those materials.  During our April 8 meet-and-confer, the Government again confirmed that the review remained incomplete and declined to commit to producing the responsive set of materials prior to the April 27 substantial completion deadline.  We request that the Government provide a specific explanation for why this review has not been completed—notwithstanding that these warrants were obtained over a year ago—and identify a date certain by which the responsive materials will be produced to the defense.

## III.  **Additional *Brady* and Rule 16 Material from Third Parties**

### A.  Specific Documents and Data

1.  **Third-Party Privilege Claims:**  In our Letter, we specifically requested communications between the Government and third parties regarding third parties' assertion or waiver of attorney-client or work product privilege in producing documents, including the identities of individuals whose communications were withheld and a log of all such communications.  *See*

---

[3]  *US SEC Probing Jefferies for Bankrupt First Brands Dealings, FT Reports*, Reuters (Nov. 27, 2025), https://www.reuters.com/legal/us-sec-probing-jefferies-bankrupt-first-brands-dealings-ft-reports-2025-11-27/

Brady Demand at 9. The Government's response does not address this request. Although the Government has committed to producing privilege logs affirmatively provided to it by third-party producers as a courtesy, it is silent on our separate and distinct request for communications regarding third parties' informal assertions or waivers of privilege in connection with their productions to the Government. We accordingly request that the Government confirm that it will produce all materials responsive to this request. This information is material to arguments the defense intends to raise in pretrial motions, and we request that it be produced on a priority basis so as not to further delay the defense's preparation of those motions.

2. **Prosecution Team Access to Privilege Materials:** We also request that the Government provide a full explanation of the circumstances under which the prosecution team accessed the potentially privileged materials identified in your April 8, 2026, production letter. Specifically, your production letter notes that materials bearing Bates numbers USAO_FTPROD03_00000079 and USAO_FTPROD03_00000295—identified as potentially privileged materials pulled from Mr. James's iCloud account—were accessible to the prosecution team for prior to the filter team's secondary screening process. We request that the Government provide a complete account of: (1) how and when the prosecution team first accessed these materials; (2) the identity of the prosecution team members who accessed or reviewed them; (3) the nature and extent of any review that occurred prior to the secondary screening; and (4) what steps, if any, the Government has taken to address the prosecution team's prior access to these potentially privileged materials. This information is necessary for the defense to assess whether any remedial measures or motion practice are warranted.

3. **Metadata:** The Government has indicated it "has produced standard metadata fields to the extent those metadata fields are in the Government's possession." Brady Response at 4. This is insufficient. From our review to date, at least 176,575 documents from 42 different producing parties have no date at all, and at least 768,000 documents have no time-sent metadata. A basic review of these documents suggests that complete metadata should be available. The Government cannot rely on deficient productions from third parties and then disclaim responsibility after producing those materials to Mr. James. The Government could readily rectify these deficiencies by requesting the missing metadata from the relevant third parties but has chosen not to do so, causing a significant burden on Mr. James and, at times, making it impossible to evaluate the significance of the evidence produced. Please confirm the Government will take steps to rectify the missing metadata, or Mr. James will move to compel.

    (a)    With respect to SDNY_JAMES_04628073 specifically, discussed at page 4 of the *Brady* Response, our review indicates there is no master date. To the extent the metadata issue is the result of a

6

technical error, we are willing to meet and confer to discuss a technical solution.

     B.     <u>Agreements to Meet and Confer</u>

The Government has also agreed to meet and confer on the production of co-conspirator statements, 404(b) notices, expert disclosure and a proposed schedule for pretrial disclosure. We are generally available the week of April 13, 2026, to discuss those topics.

Mr. James reserves all rights, including the right to supplement these requests.

*  *  *

Thank you very much for your anticipated professional courtesy and cooperation. Please feel free to contact us if there is anything you would like to discuss.

Very truly yours,

Scott Hartman
William Burck
Sara Clark


cc:     AUSA Nicholas Chiuchiolo
        AUSA Marguerite Colson
        AUSA Sarah Mortazavi