

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob J, Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

August 12, 2026

**BY ECF**
The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> **RE:** *United States v. Patrick James and Edward James., 26 Cr. 29 (AT)*

Dear Judge Torres:

The Government writes to oppose the defendants' joint letter motion seeking leave to submit unspecified portions of their pretrial motions *ex parte* and under seal. In principle, the Government does not object to the defendants submitting portions of their motions *ex parte* and under seal, provided they make a detailed showing as to how those unspecified portions would reveal specific proof at trial, prematurely identify defense witnesses, or otherwise describe privileged communications. *Cf. United States v. Kwok*, No. 23 CR. 118-1 (AT), 2024 WL 1715235, at *3 (S.D.N.Y. Apr. 22, 2024) (denying defense request to adjudicate Rule 17(c) subpoena *ex parte*). The defendants' vague and prophylactic request fails to meet that standard.

The defendants claim that courts "routinely" grant the relief the defendants seek. But they cite no case granting permission to file portions of undetermined pre-trial motions *ex parte* and under seal, much less on defendants' say-so that a generic catalog of motions could reveal "sensitive aspects of the defense." (Joint Def. Ltr. at 2) (listing, "for example, motions for severance, motions to compel production of *Brady* and *Giglio* materials, and motions for pretrial disclosure of Jencks Act material."). The defendants rely primarily on cases involving *ex parte* Rule 17(c) subpoenas. *See United States v. Boyle*, No. 08 Cr. 523 (CM), 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009); *United States v. Wey*, 252 F. Supp. 3d 237, 242 (S.D.N.Y. 2017); *United States v. Colburn*, No. 19 Cr. 10080 (NMG), 2020 WL 6566508, at *1 (D. Mass. Nov. 9, 2020). In the context of Rule 17(c) subpoenas, however, the rationale for *ex parte* submission is obvious.[1] Such a subpoena can be issued only upon defendants satisfying the *Nixon* standard, that is upon a showing that the evidence sought is relevant, admissible, and specifically identifiable. Making that showing thus creates a risk that defendants would be required to reveal the "specifically identifiable" proof they seek to admit at trial and the source of that evidence. *See, e.g., United*

---

[1] Even as the rationale may be obvious, submissions nevertheless may not be filed *ex parte* as a matter of right. *See, e.g., Kwok*, 2024 WL 1715235, at *3.

*States v. Ray*, 337 F.R.D. 561, 572 (S.D.N.Y. 2020); *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995). By contrast, pretrial motions reveal aspects of the defense's trial strategy and potential defenses by their very nature. That fact alone cannot bear the weight of a blanket request to file *ex parte* and under seal. The defense cites two other cases involving pretrial motions, neither of which justifies the relief they seek.  In *United States v. Gomez*, the defendant moved to disclose the identity of a confidential informant.  No. 17 CR 602 (JMF), 2018 WL 501607, at \*3 (S.D.N.Y. Jan. 19, 2018).  While Judge Furman granted counsel leave to file an affirmation aimed to make "a more particularized showing of why the identity and testimony of the [Confidential Source] [was] 'material to the defense' and essential to the fair determination" of the case, Judge Furman ultimately concluded that the information submitted *ex parte* was unnecessary to decide the issue. *Id.* at \*3 n.1. The defendants' other case supplies no details as to what "information" the defendants submitted *ex parte* and under seal, much less why such a submission might have been appropriate. *United States v. Fermin*, No. 91 Cr. 634 (LJF), 1992 WL 188372, at \*3 (S.D.N.Y. July 30, 1992), *aff'd*, 32 F.3d 674 (2d Cir. 1994).

If the defendants' authorities make anything clear, it is that their request to file portions of critical pretrial motions under seal and *ex parte* is both premature and insufficiently detailed to merit their requested relief. Consistent with the law in this Circuit, such relief should be granted only upon a particularized showing that information contained in a motion would in fact reveal information that the defense is entitled to conceal from the Government and the public. Furthermore, assuming the defendants can meet one of those criteria, their public motions must offer sufficient details regarding the relief sought and the grounds for such relief to enable the Government to meaningfully respond.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: _____
Nicholas W. Chiuchiolo
Marguerite B. Colson
Peter J. Davis
Sarah Mortazavi
212-637-1247 | -2587 | -2468 | -2520
Assistant United States Attorneys

cc:  Defense counsel (by ECF)