August 20, 2026

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States v. Patrick James and Edward James*, 26-CR-00029-AT

Dear Judge Torres:

We represent Defendants Patrick James and Edward James in this matter and write to jointly request that the Court issue a pretrial scheduling order in advance of the trial scheduled to begin on February 9, 2027. As set forth below, Defendants have agreed with the government on several deadlines but have been unable to reach consensus on others. Defendants respectfully submit that their proposed deadlines will promote fairness and judicial economy while affording Defendants adequate time to prepare for trial.

The following table sets forth Defendants' joint proposed pretrial schedule. Deadlines in bold indicate that the government is in agreement:

| **Event** | **Proposed Deadline** |
|---|---|
| Government's expert disclosures | October 15, 2026 |
| Disclosure of 3500 material for attorney witnesses | October 22, 2026 |
| Defendants' expert disclosures | November 5, 2026 |
| **Government's disclosures pursuant to Fed. R. Evid. 404(b)** | **November 17, 2026** |
| Disclosure of 3500 and *Giglio* material | November 30, 2026 |
| Rebuttal expert disclosures, if any | December 3, 2026 |
| *Daubert* motions | December 17, 2026 |
| **Government's witness and exhibit lists** | **January 7, 2027** |
| *Daubert* oppositions | January 8, 2027 |

| | |
|---|---|
| **Requests to charge and proposed voir dire** | **January 8, 2027** |
| **Motions *in limine*** | **January 15, 2027** |
| *Daubert* replies | January 15, 2027 |
| **Oppositions to motions *in limine*** | **January 29, 2027** |
| **Defendants' production of Rule 16 and 26.2 materials** | **January 29, 2027** |
| **Replies to motions *in limine*, if any** | **February 5, 2027** |
| Defendants' exhibit and witness lists | One week after opening statements |

Beginning in June 2026, Defendants contacted the government to seek a global agreement on pretrial deadlines. While the parties made progress on some aspects of the schedule, they remained far apart on key deadlines, including the disclosure of 3500 material. The government proposed setting those critical items aside, but Defendants preferred not to seek the Court's piecemeal approval of a partial schedule and did not consider the parties to have reached an agreement. After hearing nothing further from the government, Defendants reinitiated scheduling discussions last week. The schedule above reflects the current scope of agreement between the parties.

For the reasons set forth below, the Court should adopt Defendants' proposed deadlines on the items where the government does not agree.

## I. Expert Disclosures and Daubert Motions

Defendants propose staggered expert disclosures, with the government's disclosures due on October 15, 2026. To date, Defendants have received no information as to whether the government intends to rely on any expert witnesses at trial, and thus cannot meaningfully assess the experts they will need to rebut the government's proof. Requiring the government to disclose its experts first is consistent with its burden of proof and will permit Defendants to efficiently respond and disclose necessary experts of their own. Moreover, this approach is specifically contemplated by the reciprocal nature of Fed. R. Crim. P. 16(b)(1)(C), which requires a defendant's expert disclosures only if "the defendant requests disclosure under (a)(1)(G) and the government complies," and is routinely ordered by courts in this District. *See, e.g.*, *United States v. Chu*, No. 25 Cr. 579 (PKC) (S.D.N.Y.), Dkt. 92 (requiring government's expert disclosures prior to defendants'); *United States v. Ho*, No. 25 Cr. 3 (JAV) (S.D.N.Y.), Dkt. 66 (adopting staggered schedule for expert disclosures).

As for *Daubert* motions, Defendants respectfully submit that the proposed schedule—with motions due on December 17, 2026, approximately six weeks after the completion of all expert disclosures—provides the parties ample time to prepare and file any necessary challenges.

## II. Notice of Any Advice of Counsel Defense

The parties do not agree on the timing for notice of any advice-of-counsel defense, nor whether the government should be required to provide 3500 material for any attorney witnesses prior to any such disclosure.

This case presents complex issues related to attorney involvement in the alleged conduct, and there is no dispute that lawyers working for First Brands Group, LLC ("FBG") were intimately involved in the underlying transactions. Those attorneys' advice could play a meaningful role at trial. However, the government's voluminous document production to date sheds little light on the specific nature of that involvement, and the government—despite Defendants' numerous requests—has still not provided even any privilege logs received from FBG (or, with one exception, any other party).

Without this information—including additional discovery that may become available should Defendants challenge any claims of privilege asserted by FBG or others—it is impossible for Defendants to assess the viability of any advice-of-counsel defense. Defendants further propose an early disclosure of 3500 material related to any potential attorney witnesses, which would allow Defendants to meaningfully evaluate any such defense.

Given the current state of discovery provided by the government, Defendants respectfully submit that they should not be required to disclose any advice-of-counsel defense until no more than 10 days before trial. *See*, *e.g.*, *United States v. Kwok*, No. 23 Cr. 118 (AT) (S.D.N.Y.), Dkt. No. 275 (ordering notice of advice-of-counsel defense 12 days before trial); *United States v. Atias*, No. 14-CR-0403 (DRH), 2017 WL 563978, at *3 (E.D.N.Y. Feb. 10, 2017) (requiring disclosure to government only 24 hours before testimony of attorney witness and noting that the Rules of Criminal Procedure do not establish "a 'right' to pretrial notice as to the defense under discussion"); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (rejecting government's request for notice six weeks before trial and recognizing that "[f]airness and efficiency dictate that Defendants have an opportunity to assess their potential advice of counsel defenses based on the transactions that are likely to be presented to the jury").

## III. 3500 and *Giglio* Material

The parties also dispute when the government should be required to disclose materials pursuant to 18 U.S.C. § 3500 and *Giglio v. United States*. While the government has indicated a willingness to produce these materials on January 7, 2027, Defendants' proposed deadline of November 30, 2026 is more appropriate given the complexity of the issues to be tried, the multiple Defendants, alleged fraud schemes, and the number of witnesses the government is expected to call.

Moreover, it is far more efficient for the Court if the 3500 and *Giglio* material is produced well in advance of the agreed deadline for motions *in limine* (January 15, 2027). Defendants expect that many motions *in limine* will be based upon a review of that material, and allowing the Defendants a reasonable time to assess and file those motions would allow the parties to capture all disputed issues in their motions, avoiding the need for ongoing and piecemeal *in limine* practice.

## IV. Defendants' Exhibit and Witness Lists

Finally, the parties do not agree on the timing of Defendants' exhibit and witness lists. The Defendants expect that the government's case-in-chief in this two-defendant fraud case will

be lengthy. Defendants' proposal that their lists be provided one week after opening statements thus gives the government ample time to prepare for Defendants' presentation of evidence. *See, e.g.*, *United States v. Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (ordering production of defendant's exhibit list at the start of trial or 30 days prior to the start of defendant's case). In addition, Defendants' case-in-chief will necessarily depend on the government's own case and the government's theories and arguments at trial. Requiring premature disclosure of the Defendants' case-in-chief material would allow the government the unfair advantage of crafting their case-in-chief around the Defendants' case. And any such disclosure pretrial would be highly speculative given the responsive nature of those materials to the government's case.

Accordingly, Defendants respectfully request that the Court issue a pretrial scheduling order incorporating the deadlines set forth above.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/S/ SCOTT HARTMAN*

Scott Hartman
William Burck
Sara Clark
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
scotthartman@quinnemanuel.com
williamburck@quinnemanuel.com
saraclark@quinnemanuel.com

**BRACEWELL LLP**

*/S/ SETH D. DUCHARME*

Seth D. DuCharme
Nicole Boeckmann
David A. Shargel
31 West 52nd Street, 19th Floor
New York, New York 10019
Telephone: (212) 508-6100
seth.ducharme@bracewell.com
nicole.boeckmann@bracewell.com
david.shargel@bracewell.com

cc: Counsel of Record (via ECF)