**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob J, Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

August 27, 2026

**BY ECF**
The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: *United States v. Patrick James and Edward James.*, 26 Cr. 29 (AT)**

Dear Judge Torres:

The Government writes in opposition to the defendants' request to enter their proposed pretrial schedule. (Doc. 100). The defendants' schedule is impractical, inconsistent with this District's practice, and likely to unduly burden the Court. Moreover, the defendants' schedule misstates the Government's position and reneges on several pretrial deadlines that the parties agreed to in writing. For example, defense counsel previously agreed to disclose any advice-of-counsel defense on October 22, 2026, yet now claim it is "impossible for Defendants to assess the viability of any advice-of-counsel defense" by the previously agreed-upon date. (*Id.* at 3.) Defense counsel also had agreed to simultaneous affirmative expert disclosures but now claim they "cannot meaningfully assess the experts they will need to rebut the government's proof." (*Id.* at 2.)

The defendants' about-face on scheduling reveals a strategy shift toward trial by ambush. Their proposed deadlines are angled at disadvantaging the Government and all but guarantee that the parties will be litigating—and the Court will be deciding—numerous matters on the eve of trial that otherwise could be identified, disputed, and resolved weeks or months earlier. To avoid these problems and conserve the Court's resources, the Government respectfully requests that the Court order the pretrial schedule set forth below.

| | |
|---|---|
| **Advice-of-Counsel Disclosure**<br><br>If either defendant intends to pursue at trial an advice-of-counsel defense or a good-faith defense based on the involvement of attorneys, the defendant must disclose to the Government by this date: (i) which attorneys, if any, the defendant purportedly relied on; (ii) the persons or entities the defendant asserts controls any applicable privilege (e.g., First Brands, the defendant personally, or a third party); (iii) the | Oct. 22, 2026 |

| | |
|---|---|
| timing and substance of the alleged advice upon which the defendant relied; and (iv) all documents (including attorney-client and attorney work product documents) currently in the defendant's possession, custody, or control that support or might impeach or undermine any such defense. | |
| **Affirmative Expert Disclosures**<br><br>The parties provide notice to each other, consistent with the requirements of Fed. R. Crim. P. 16, of experts potentially to be called, if any, during the Government's case-in-chief and the defendants' case- in-chief. | Oct. 30, 2026 |
| **Government's Rule 404(b) Notice** | Nov. 17, 2026 |
| **Rebuttal Expert Disclosures**<br><br>The parties provide notice to each other, consistent with the requirements of Fed. R. Crim. P. 16, of experts potentially to be called, if any, to rebut the other parties' experts. | Nov 30, 2026 |
| ***Daubert* Motions**<br><br>The parties file any motions pursuant to the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). | Dec 11, 2026 |
| **3500 & *Giglio* Material** | Jan 7, 2027 |
| **Government's Witness and Exhibit Lists**<br><br>The Government provides to the defendants a list of witnesses whom the Government reasonably expects to call in its case-in-chief. This list will be subject to good-faith revision as the Government continues to prepare for its case and as stipulations are (or are not) reached with respect to custodial and authentication witnesses.<br><br>The Government provides to the defendants a draft exhibit list. This list will be subject to good-faith revision as the Government continues to prepare for its case. | Jan 7, 2027 |
| ***Daubert* Oppositions** | Jan 8, 2027 |
| **Jury Documents**<br><br>The parties file proposed jury instructions, voir dire, and verdict forms. | Jan 8, 2027 |
| **Defense Rule 16 and 26.2 Disclosures** | Jan. 12, 2027 |

| | |
|---|---|
| The defendants provide to the Government all materials subject to disclosure pursuant to Rule 16(b).<br><br>The defendants provide to the Government material covered by Rule 26.2 of the Federal Rules of Criminal Procedure. | |
| **Defense Witness and Exhibit Lists**<br><br>The defendants provide to the Government a list of witnesses whom the defendants reasonably expect to call in their case. This list will be subject to good-faith revision as the defendants continue to prepare their case and as stipulations are (or are not) reached with respect to custodial and authentication witnesses.<br><br>The defendants provide a list of exhibits they reasonably expect to seek to introduce in the defense case-in-chief (but not documents they intend to use only in the cross-examination of Government witnesses or the redirect examination of defense witnesses). This list will be subject to good-faith revision as the defense continues to prepare for their case. | Jan. 12, 2027 |
| **Motions in Limine** | Jan 15, 2027 |
| **Opp. to Motions in Limine** | Jan 29, 2027 |
| **Replies to Motions in Limine, if any** | Feb. 5, 2027 |
| **Trial** | Feb. 9, 2027 |

The Government's proposed schedule promotes judicial efficiency and largely reflects the parties' prior consensus. Contrary to their current position, the defendants had negotiated—and the parties had agreed to in writing—deadlines that the defendants now seek to unwind. On June 30, defense counsel memorialized the deadlines to which all parties agreed, including the deadline for disclosing any advice-of-counsel defense. (*See* Exhibits A, A-1 (chart appended to defense counsel's June 30, 2026 email in which the defense enters "Agreed" next to several proposed dates)). The Government's written response secured further agreement on most of the defendants' proposed deadlines, including their dates for *simultaneous* expert disclosures and filing *Daubert* motions and oppositions. (*See* Exhibits A, A-2 (chart appended to Government's July 1, 2026 email)).[1] Those prior agreements underscore the reasonableness and workability of the pretrial schedule the Government now proposes.

[1] The areas of remaining disagreement included the following deadlines: (1) completing Rule 16 discovery; (2) filing *Daubert* replies; (3) producing 3500 & Giglio materials; (4) filing motions *in limine* and oppositions to those motions; (5) defense to produce Rule 16 and 26.2 materials.

## Discussion

### A. Disclosure of Defense Exhibit Lists and Witness Lists

The defendants' proposed deadline for disclosure of their witness and exhibit lists is unreasonable and unprecedented. With their proposed deadline, the defendants have asked permission to dump any number of exhibits on the Government once trial is well underway. Far from promoting "judicial economy," that proposal is designed to divert Government's resources and derail trial by preventing the Government from raising, and the Court from considering, objections to defense exhibits before trial begins. It likewise compels the Government to conduct its own investigation into the authenticity and accuracy of those exhibits while also mounting its case, which may lead to undesirable and avoidable adjournment requests in order to ensure that the factual record as to each proposed exhibit is fully presented to this Court prior to any such rulings. To streamline the presentation of evidence and conserve the Court's and the jury's time, the Government requests that the defense be required to disclose its witness list and exhibit list on January 12, 2027.

The Government's proposal reflects courts' regular practice of ordering defense exhibits well in advance of trial, including over defendants' objection. *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Doc. 213 (approximately two weeks before trial over objection); *United States v. Calk*, No. 19 Cr. 366 (LGS), Doc. 180 (six weeks before trial); *United States v. Gillier*, No. 11 Cr. 409 (PAE), Doc. 75 (approximately three weeks before trial); *United States v. Grant*, No. 16 Cr. 468 (GHW), Doc. 283 (three weeks before trial); *United States v. Javice*, 23 Cr. 151 (AKH), Doc. 163 (over one month before trial); *United States v. Liu*, No. 19 Cr. 804 (VEC), Doc. 177 (12 days before trial over objection); *United States v. Madonna*, No. 17 Cr. 89 (CS), Doc. 655 (approximately one month before trial); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Doc. 297 (three weeks before trial over objection); *United States v. Percoco*, No. 16 Cr. 776 (VEC), Doc. 396 (more than a month before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT), Doc. 206 (14 days before trial over objection); *United States v. Stewart*, No. 15 Cr. 287 (LTS), Minute Entry (18 days before trial); *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), Doc. 93 (approximately one month before trial); *United States v. Wander*, No. 25 Cr. 473 (JPO), Doc. 51 (12 days before trial).[2]

---

[2] Further, the disclosure deadline should apply to any exhibits the defense intends to introduce at trial—including on cross examination for non-impeachment purposes. "The term 'case-in-chief' has been interpreted to encompass 'all nonimpeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a defendant.'" *United States v. Melzer*, No. 20 Cr. 314 (GHW), Doc. 150 at 13 (quoting *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)). "Nearly every court to consider the issue has concluded the same." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (collecting cases).

**B. Defense Disclosure of Rule 16 and 26.2**

The defendants' proposed schedule states that the Government has agreed to January 29, 2027, as the deadline for defense disclosure of Rule 16 material and 26.2 material. It has not. Consistent with the law in this District, the Government requests that the defense disclose that material no later than January 12, 2027, in advance of the agreed-upon deadline to file motions *in limine*.

Rule 16 entitles the Government to reciprocal discovery. In relevant part, the rule provides that if a criminal defendant requests disclosure from the Government under Rule 16(a)(1), the defendant must also permit the Government to inspect any document or record that the defendant "intends to use . . . in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).

When a defendant "avail[s] himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *United States v. Ryan*, 448 F. Supp. 810, 810-11 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir.); *see* Fed. R. Crim. P. 16 Advisory Committee Note—1974 Amend. ("The majority of the Advisory Committee is of the view that . . . the giving a broader right of discovery to the defense is dependent upon giving also a broader right of discovery to the prosecution.").

Courts in this District and others routinely require defendants to produce Rule 16(b) materials well in advance of trial, regardless of whether they have decided the scope of any defense case, let alone whether a particular piece of evidence will be offered at trial. Although "[a] defendant would always like more information about the government's case before revealing anything about his or her own," Rule 16 "conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction." *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011).

Indeed, in ordering pre-trial disclosure of defense Rule 16 materials, this Court has previously observed that while defendants may "delay the decision as to whether or not to testify until the end of the presentation of the Government's case, 'the trial strategy determination is not so protected.'" *Shea*, No. 20 Cr. 412 (AT), Doc. 206, at 1 (quoting *Ryan*, 448 F. Supp. at 811); *see also, e.g.*, *United States v. Ortega*, No. 22 Cr. 91 (RA), Doc. 93, at 2 ("Should Defendant fail to produce material subject to his disclosure obligations under Rule 16, he will be precluded from using such evidence during his case-in-chief."); *Avenatti*, No. 19 Cr. 374 (JMF), Doc. 213 (requiring defense production under Rule 16 to begin approximately two weeks before trial, over the defendant's objection); *Javice*, 23 Cr. 151 (AKH), Doc. 163 (defense required to disclose Rule 26.2 material over one month before trial); *Maxwell*, No. 20 Cr. 330 (AJN), Doc. 297 (setting a defense Rule 16 deadline of three weeks before trial, over the defendant's objection); *United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. 2003) (explaining that "[a]llowing [the] defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the government a fair opportunity to prepare); *see generally United States v. Weiss*,

930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce to the Government and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage").

At the time of the Government's first discovery production on February 17, 2026, the Government requested, in writing, reciprocal disclosures from the defendants pursuant to Rule 16(b). The Government has not received any reciprocal Rule 16 materials from the defendants, despite previewing a robust defense case and having issued subpoenas of their own to third parties.

In light of well-settled law and the defendants' collection of Rule 16 materials through the use of their own subpoenas, the defendants should produce Rule 16 and 26.2 material no later than January 12, 2026.

### C. Advice-of-Counsel Disclosure

After agreeing to disclose any advice-of-counsel defense by October 22, 2026, the defendants have now reversed course. They seek to withhold that information until *ten days* before trial. The defense's initial agreement more closely reflects the timing of such disclosures in this District, and their new proposal is inconsistent with fairness and the efficient administration of trial. Accordingly, the Government respectfully requests that the defense be required to provide written notice of their intention to pursue such a defense, including the bases and scope of that defense, as well as any supporting documentation no later than October 22, 2026.

"In a fraud case . . . the advice-of-counsel defense is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true," but rather "is evidence that, if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an 'unlawful intent.'" *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). "That said, defendants are entitled to an advice-of-counsel instruction only if there are sufficient facts in the record to support the defense." *Scully*, 877 F.3d at 476 (citing *United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997)). Specifically, "[t]here must be evidence such that a reasonable juror could find that the defendant 'honestly and in good faith sought the advice of counsel,' 'fully and honestly laid all the facts before his counsel,' and 'in good faith and honestly followed counsel's advice.'" *Id.* (quoting *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012)).

Thus, where a defendant seeks to admit evidence of the involvement of attorneys, whether as a formal advice of counsel defense, or to show good faith, he must provide the Government with sufficient notice and disclosures ahead of trial. *See, e.g.*, *United States v. Mattera*, No. 24 Cr. 117 (LAP), 2025 WL 2841162, at *2 (S.D.N.Y. Oct. 7, 2025) (requiring notice in advance of trial); *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK), 2024 WL 477043, at *2 (S.D.N.Y. Feb. 7, 2024) (requiring pretrial disclosure); *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v.*

*Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes).

Early disclosure of such a defense is routine in this District because of the practical and logistical difficulties that can arise when advice of counsel issues are litigated mid-trial. *See, e.g.*, *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK), 2024 WL 477043, at *3 (S.D.N.Y. Feb. 7, 2024) (requiring a hearing because "evidence of the presence of attorneys … can pose a substantial risk of misleading the jury"); *United States v. Schulte*, No. S2 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes). Those practical and logistical issues include determining whether there is "evidence such that a reasonable juror could find that the defendant honestly and in good faith sought the advice of counsel, fully and honestly laid all the facts before his counsel, and in good faith and honestly followed counsel's advice." *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017) (citation omitted).

Resolution of those issues routinely requires production of discovery, a hearing, and privilege waivers. Where the defendant wishes to advance an "advice-of-counsel defense without meeting the legal requirements for that defense" a hearing may be a "necessary step[] to minimize jury confusion and to exclude irrelevant evidence." *United States v. Bankman-Fried*, 179 F.4th 104, 119 (2d Cir. 2026). Where the attorney-client privilege is likely controlled by a corporation, the Court may need to resolve whether the defendant can rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense"). All of those issues may arise here.

Given the time-consuming threshold issues that will attend a potential advice-of-counsel defense in this case, the defendants' proposal to provide notice just ten days before trial is unworkable. Indeed, if courts in this District often require multi-month notice of such a defense, that practice would seem particularly prudent here, where the defendants themselves insist the case "presents complex issues related to attorney involvement in the alleged conduct." (Defs. Mot. at 3). *See, e.g.*, *United States v. Chu*, 25 Cr. 579 (PKC), Doc. 92 (October 1 disclosure of advice-of-counsel defense before January 27 trial); *United States v. Leech*, No. 24 Cr. 658 (GHW), Doc. 30 (November 7 disclosure of advice-of-counsel defense before April 6 trial); *United States v. Wander,* 25 Cr. 473 (JPO), Doc. 51 (August 7 disclosure of advice-of-counsel before October 19 trial).

The defendants claim that the Government's discovery productions make it "impossible . . . to assess the viability of any advice-of-counsel defense." (Defs. Mot. at 3). The Government

disputes that its substantial discovery—including from First Brands Group LLC ("FBG")—is unilluminating on the question of counsel involvement in the relevant transactions. But more to the point, without the benefit of *any* discovery, the defendants would know whether they (1) honestly and in good faith sought the advice of counsel; (2) fully and honestly laid all the facts before their counsel; and (3) in good faith and honestly followed counsel's advice, believing it to be correct and intending that their acts be lawful. *See, e.g. United States v. Denkberg*, 139 F.4th 147, 156-57 (2d Cir. 2025) (required showing for advice-of-counsel defense).

In short, the defendants are fully equipped to advise the Government by the previously agreed-upon deadline of October 22—approximately two months from now—whether they intend to rely on the advice or presence of counsel. As *Chu, Glover, Ho, Javice*, *Leech*, *Wander,* and many other cases demonstrate, the defendants do not require the Government's complete § 3500 material—much less a bespoke and unheard of "attorney § 3500" disclosure—to make such a disclosure. *See, e.g. United States v. Bankman-Fried*, 22 Cr. 673 (LAK), Doc. 173 (advice-of-counsel disclosure predates § 3500 production); *United States v. Chu*, No. 25 Cr. 579 (PKC), Doc. 92 (same); *United States v. Ho,* 25 Cr. 3 (JAV), Doc. 120 (same); *United States v. Javice*, 23 Cr. 251 (AKH), Doc. 163 (same); *United States v. Leech*, No. 24 Cr. 658 (GHW), Doc. 30 (same); *United States v. Wander,* 25 Cr. 473 (JPO), Doc. 51 (same). Consistent with those cases, any advice-of-counsel disclosure should include the following information: (i) which attorneys, if any, the defendant purportedly relied on, (ii) the persons or entities the defendant asserts controls any applicable privilege (e.g., FBG, the defendant personally, or a third party), (iii) the timing and substance of the alleged advice upon which the defendant relied, (iv) all documents (including attorney-client and attorney work product documents) currently in the defendant's possession, custody, or control that support or might impeach or undermine any such defense. A disclosure without such information is "meaningless." *Javice*, 23 Cr. 251 (AKH), Doc. 149 (AKH); *see also Chu*, 25 Cr. 579 (PKC), Doc. 92*; Wander*, 25 Cr. 473 (JPO), Doc. 51.

### D. Section 3500 and *Giglio* Material

The Government has no statutory obligation to produce § 3500 material in advance of trial. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (The "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."). Nevertheless, the Government proposes to disclose § 3500 and *Giglio* material on January 7, over a month before trial. The Government's proposal aligns with § 3500 disclosures in recent trials and promotes trial efficiency, enabling the defense to make—and the Court to consider—motions *in limine* related to § 3500. *See, e.g.*, *Bankman-Fried*, 22 Cr. 673 (LAK), Doc. 173 (§3500 produced 25 days before trial); *Chu,* No. 25 Cr. 579 (PKC), Doc. 92 (§ 3500 produced six weeks before trial); *Javice*, No. 23 Cr. 251 (AKH), Doc. 163 (§ 3500 produced eight weeks before trial); *Leech*, No. 24 Cr. 658 (GHW), Doc. 30 (§ 3500 produced approximately seven weeks before trial); *Wander*, No. 25 Cr. 473 (JPO), Doc. 51 (§ 3500 produced one month before trial).

**E. Expert Disclosures**

After reaching agreement on simultaneous expert disclosures due on October 30, 2026, the defendants now propose staggered expert disclosures, moving the Government's disclosure deadline up to October 15—just four days before its opposition to pretrial motions are due—and affording themselves until November 5 to disclose their own experts. Leaving aside the obvious effort to hamstring the Governing by stacking its deadlines, the defendants' proposal is unreasonable inasmuch as it asks for two bites at the apple—three weeks to respond to the Government's expert disclosure *and* a month to disclose a rebuttal expert.[3] Accordingly, the Government respectfully requests that the Court order the parties to simultaneously disclose experts on October 30, 2026, as they had agreed in their July 1 correspondence and as courts in this District routinely direct. (*See* Exhibits A, A-2 (chart appended to Government's July 1, 2026 email); *see, e.g.*, *Bankman-Fried*, 22 Cr. 673 (LAK), Doc. 173 (simultaneous Rule 16 expert and rebuttal disclosures); *Glover*, 24 Cr. 370 (VSB), Doc. 25 (simultaneous expert disclosures); *United States v. Hwang*, 22 Cr. 240 (AKH), Doc. 98 (simultaneous expert disclosures); *Leech*, No. 24 Cr. 658 (GHW), Doc. 30 (simultaneous Rule 16 expert and rebuttal disclosures); *Wander*, 25 Cr. 473 (JPO), Doc. 51 (simultaneous Rule 16 expert and rebuttal disclosures).[4]

---

[3] The defendants are correct that Judge Castel ordered staggered expert disclosures in *United States v. Chu*, but they ignore that the pretrial schedule did not contemplate a separate deadline for noticing rebuttal experts. 25 Cr. 579 (PKC), Doc. 92.

[4] To the extent the defense now desires staggered expert disclosure deadlines, they should not be able to dictate the timing of the Government's deadlines, let alone mandate them nearly four months prior to trial. Instead, the Government would agree to schedule that requires its expert disclosures 60 days before trial, defense disclosures 30 days before trial, and the Government's rebuttal reports, if any, 15 days before trial. Such a timeline is consistent with the S.D.N.Y. local rule on the timeline for expert discovery. S.D.N.Y. L.R. 16.2. Depending on when the expert notice deadlines are set, the Government would consent to a reasonable schedule for *Daubert* motions.

* * *

The defendants' reversal on mutually agreed-upon pretrial deadlines is an attempt to seek tactical advantage at the expense of the fair and orderly administration of trial. The Court should not brook that sort of gamesmanship, particularly when it risks avoidable mid-trial interruptions and juror attrition. In the interests of fairness and with the aim of promoting the efficient administration of trial, the Government respectfully requests that the Court enter its proposed schedule.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________
Nicholas W. Chiuchiolo
Marguerite B. Colson
Peter J. Davis
Sarah Mortazavi
212-637-1247 | -2587 | -2468 | -2520
Assistant United States Attorneys

cc: Defense counsel (by ECF)