September 17, 2026

**VIA ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States v. Patrick James and Edward James*, 26-CR-00029-AT

Dear Judge Torres:

We represent Defendants Patrick James and Edward James in the above-referenced matter. We write in response to the government's September 14, 2026 letter motion seeking disclosure of the portions of Defendants' severance submissions filed *ex parte* and under seal. *See* Dkt. No. 127. The government's request should be denied.

At the outset, the government's present position is inconsistent with its prior representation to the Court. In opposing Defendants' initial joint request for *ex parte* filings (Dkt. No. 94), the government stated expressly that it "does not object to the defendants submitting portions of their motions *ex parte* and under seal," provided Defendants demonstrate that the sealed material "would reveal specific proof at trial, prematurely identify defense witnesses, or otherwise describe privileged communications." Dkt. No. 95 at 1.

The government now inexplicably retreats from this position, seeking precisely the "specific proof" it previously suggested it would not pursue. In doing so, the government fails to acknowledge the very precedent that presumably informed their prior position and ignores that courts routinely permit defendants to file pretrial submissions *ex parte* and under seal where disclosure would prematurely reveal defense strategy, anticipated exhibits or witnesses, or privileged communications. *See United States v. Gomez*, No. 17-CR-602 (JMF), 2018 WL 501607, at *3 n.2 (S.D.N.Y. Jan. 19, 2018) (granting leave to file affirmation in support of pretrial motion "*ex parte* and under seal because it discloses confidential and privileged possible defenses and strategies" (internal quotation marks omitted)); *United States v. Fermin*, No. 91-CR-634 (LFJ), 1992 WL 188372, at *1 n.1 (S.D.N.Y. July 30, 1992); *United States v. Boyle*, No. 08-CR-523 (CM), 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009). This principle applies with particular force to severance motions. *See United States v. Morales-Guanill*, No. 12-215 (DRD/SCC), 2014 WL 4983857, at *1 n.2, 4 (D.P.R. Oct. 6, 2014) ("[T]here was a legitimate need to keep *ex parte* some of the discussions, as well as the motions, because they reveal defense strategy."); *United States v. Daughtry*, No. 09-CR-1132 (DAB), 2011 WL 724668, at *4 (S.D.N.Y. Feb. 25, 2011); *United States v. Lopez*, 915 F. Supp. 891, 901 (E.D. Mich. 1996).

Moreover, the cases the government relies upon do not support its demand for wholesale disclosure of Defendants' *ex parte* severance submissions. Rather, this authority confirms the opposite: that where good cause exists to protect defense strategy, *ex parte* treatment remains appropriate. None of the government's cited cases involved circumstances like those presented here, where Defendants have already disclosed the basis for their mutually antagonistic defenses in the public versions of their motions, reserving only the strategically sensitive details that warrant *ex parte* submission. Indeed, Defendants' core arguments are largely unredacted and summarize the antagonistic defenses Defendants expect to present at trial. *See, e.g.*:

- Patrick James's Severance Motion (Dkt. No. 108) at 1-2 (alleging that Ed "betrayed [Patrick's] trust by engineering damaging side deals with First Brands Group's financing counterparties," Ed "alone organized, managed, and directed the alleged fraud," and "Ed hid crucial facts from Patrick, including his own self-dealing");

- Edward James's Severance Motion (Dkt. No. 111) at 1 (asserting that Patrick "masterminded and directly managed First Brands' fraud, employing senior finance executives . . . to brazenly falsify and misrepresent the company's financials" while Ed was kept deliberately in the dark). In addition, Defendants' publicly filed severance motions identify multiple legal bases for severance and support each with concrete, fact-specific details.

- Dkt. No. 108 at 12 ("Patrick will inevitably serve as a 'second prosecutor' against Ed, and Ed against Patrick . . . Patrick intends to present a defense that Ed, Patrick's brother and most trusted advisor, betrayed him by entering into agreements with FBG's lenders on terms that crippled the company but allowed Ed to line his own pockets . . .");

- Dkt. No. 111 at 15 ("Severance is equally necessary because a joint trial would force both Ed and Patrick to defend not only against the government's case, but also against their co-defendant's effort to cast them as a wrongdoer.");

- Dkt. No. 108 at 15 (asserting severance is warranted because "Patrick's and Ed's defenses are irreconcilable, further reducing the Government's burden and denying Patrick a fair trial" and "Patrick will present a defense that Ed exclusively executed the fraud schemes alleged in the Indictment to enrich himself.");

- Dkt. No. 111 at 14 (explaining that "[t]he defenses that Patrick and Ed are likely to advance at trial are not merely inconsistent; each necessarily depends on attributing knowledge, responsibility, and culpability to the other.");

- Dkt. No. 108 at 17 (arguing that a separate trial is warranted to prevent spillover prejudice because "[i]n a separate trial against Patrick alone, the jury would not hear days or potentially weeks of evidence related only to Ed's misconduct.");

- Dkt. No. 111 at 19 (arguing that "spillover prejudice" creates a "significant risk that the volume of evidence against Patrick would be improperly imputed to Ed" which "would be

further magnified by the structure of the Indictment itself" since "Patrick is the only defendant charged in Count One").

Further, none of the legal authority relied upon by Defendants is redacted. Defendants' public severance submissions thus clearly identify both the nature of their conflict and the legal bases for severance, rendering disclosure of redacted material unnecessary. While Defendants' factual background and supporting exhibits are intended to aid the Court's comprehension of the underlying conduct, the unredacted portions of Defendants' briefs, including those detailed above, provide more than sufficient information for the government to meaningfully evaluate and the Court to ultimately grant Defendants' severance motions. *See United States v. Nordlicht*, No. 16-CR-00640 (BMC), 2018 WL 1796542, at *2 (E.D.N.Y. Apr. 16, 2018) (describing the defendants' defenses at a high level of generality and explaining the various ways those defenses would amount to impermissible "double prosecution"); *United States v. Copeland*, 336 F. Supp. 2d 223, 224 (E.D.N.Y. 2004) (describing the defendants' mutually antagonistic defenses at a high level of generality).

That a handful of defendants in this district have previously elected to litigate their severance motions openly—and, in doing so, to voluntarily preview trial strategies to the government and their co-defendants—does not establish that Defendants must make the same choice here. The defendants in *United States v. Kukushkin*, No. 22-CR-666; *United States v. Parnas*, No. 19-CR-725 (JPO); and *United States v. Menendez*, No. 23-CR-490 (SHS) were not ordered to forgo *ex parte* treatment. Nor did the severance decisions in any of these cases purport to address the circumstances in which *ex parte* submissions may be appropriate. *See, e.g., United States v. Kukushkin*, No. 22-666-CR, 2023 WL 2396240 (2d Cir. Mar. 8, 2023).

The three cases the government relies on—only one of which is from the last decade—do not establish any rule favoring disclosure of information that would reveal trial strategy. First, the government mischaracterizes the holding of *United States v. Schulte*. No. 17-CR-548 (PAC), 2020 WL 133620 (S.D.N.Y. Jan. 13, 2020). In *Schulte*, the court did not order disclosure of all *ex parte* submissions to the prosecution, as the government contends. Rather, the court addressed a limited waiver issue arising from Schulte's invocation of the attorney-client privilege. Schulte had relied upon advice of counsel both as part of his trial defense strategy and as a basis for pretrial relief, in seeking severance and disqualification of his own counsel. *Id.* at *1. Because Schulte affirmatively injected the subject matter of that advice into the case, the court found an implied waiver of the privilege and ordered carefully circumscribed disclosure *only* of the attorney-advice materials upon which Schulte intended to rely at trial. *See id.* at *1, *6. The court's directive that Schulte disclose the relevant *ex parte* letters was therefore limited to letters concerning the waived advice-of-counsel material; it was not a broad command that severance submissions containing defense strategy must always be turned over to the prosecution.

*United States v. Badalamenti*, decided almost 40 years ago, is equally inapposite. 663 F. Supp. 1542 (S.D.N.Y. 1987). *Badalamenti* involved a post-trial ruling on a motion for acquittal or a new trial—not a pretrial application to file sensitive severance materials *ex parte*. In evaluating Badalamenti's claim of prejudice resulting from defendants' inconsistent trial defenses, the court explained that "when Badalamenti's counsel moved for severance before trial based on anticipated inconsistency of defenses, he declined to explain the claimed inconsistency unless in an *ex parte*

conference." *Id.* at 1545. The court recounted that it "refused to receive *ex parte* representations *without good cause*." *Id.* (emphasis added). The *Badalamenti* court did not take the position that a showing of good cause was impossible in a pretrial motion for severance, but merely that the defendant had previously failed to make the requisite showing to obtain an *ex parte* conference. Here, unlike in *Badalamenti*, Defendants have made a concrete good cause showing and have publicly disclosed more than enough detail underlying their respective arguments to permit the government to respond to their motions.

*United States v. Jones* offers no more support for the government's position. No. 85-CR-1075 (CSH), 1986 WL 7787 (S.D.N.Y. July 10, 1986). In *Jones*, the court ***permitted*** an *ex parte* submission that "stated in detail counsel's contemplated contentions" said to give rise to antagonistic defenses. *Id.* at *1. The court observed only that, if the *ex parte* submission raised substantial questions about severance, the government would have to be placed "in a position to make an informed reply." *Id.* But the court ultimately concluded, after considering the *ex parte* submission, that there was "no case for the Government to answer," rendering any disclosure issue moot. *Id.* Nothing in *Jones* suggests that placing the government in a position to respond requires wholesale disclosure of privileged or strategic defense material. To the contrary, *Jones* confirms that a court may first review sensitive severance-related strategy *ex parte* and decide whether any additional disclosure is necessary. Here, where the government has both the factual basis and legal authority available to it, additional disclosure is not needed.

Nor does *United States v. Javice* help the government. No. 23-CR-251, Dkt. No. 223 (AKH) (S.D.N.Y. Jan. 23, 2025). The government incorrectly contends that the *Javice* court allowed the defense to argue severance *ex parte* only "initially," and that the court's denial of the motion "moot[ed] the need for adversarial testing." Dkt. No. 127 at 2. However, the court permitted the defendant to submit her unredacted motion to sever *ex parte*, in addition to hearing from her co-defendant *ex parte* and *in camera*, and the government proceeded with briefing its opposition based on the redacted motion. *See Javice*, No. 23-CR-251, Dkt. No. 216 (Jan. 17, 2025). The severance motion was fully briefed before the court ruled, and thus, the issue underwent "adversarial testing," contrary to the government's assertion. *Javice* therefore undermines, rather than supports, the government's claim that sealed defense strategy material must be disclosed.

Accordingly, Defendants respectfully request that the redacted portions of their severance motions, together with the accompanying declarations and exhibits (Dkt. Nos. 108, 109, 111, 112), remain *ex parte* and under seal for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **BRACEWELL LLP** |
| */s/ Scott Hartman* | */s/ Seth D. DuCharme* |

Scott Hartman
William Burck
Sara Clark
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
scotthartman@quinnemanuel.com
williamburck@quinnemanuel.com
saraclark@quinnemanuel.com

Seth D. DuCharme
Nicole Boeckmann
David A. Shargel
31 West 52nd Street, 19th Floor
New York, New York 10019
Telephone: (212) 508-6100
seth.ducharme@bracewell.com
nicole.boeckmann@bracewell.com
david.shargel@bracewell.com