USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 9/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

PATRICK JAMES and EDWARD JAMES,

Defendants.

No. 26 Cr. 29 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

On September 4, 2026, both Defendants filed separate *ex parte* letter motions seeking to submit their attached severance motions under seal with only redacted copies published to the docket. *See* ECF Nos. 108, 109, 111, 112. The Court has reviewed (1) Defendants' *ex parte* letter motions and unredacted severance motions; (2) the Government's letter motion asking the Court to order Defendants to file unredacted versions of their severance motions and accompanying documents on the docket, *see* ECF No. 127; and (3) Defendants' joint response, *see* ECF No. 131.

The Court finds that the redacted material from the motions to sever "states in detail counsel's contemplated contentions on behalf of Defendants." *United States v. Jones*, No. 85 Cr. 1075, 1986 WL 7787, at *1 (S.D.N.Y. July 10, 1986); *see also United States v. Wey*, 252 F. Supp. 3d 237, 243 (S.D.N.Y. 2017) (noting that the need for "disclosure of certain elements of the defense's trial strategy" justified *ex parte* submission). Also, and critically, the disclosure of the unredacted portions of the motions has "put [the Government in] a position to make an informed reply." *See Jones*, 1986 WL 7787, at *1. Defendants explain the claimed justification for severance in sufficient detail for the Government to meaningfully respond, while submitting *ex parte* the specific record material they intend to rely upon when making the disclosed arguments. *See United States v. Badalamenti*, 663 F. Supp. 1542, 1545 (S.D.N.Y. 1987) (refusing to receive *ex parte* argument for severance because defense counsel would not "explain the claimed inconsistency" in co-defendants' anticipated arguments).

However, Defendants' *ex parte* motions requesting permission to file their attached severance motions *ex parte* and under seal, submitted by email dated September 4, 2026, do not contain specifics of each Defendant's trial strategy. These motions must be disclosed on the docket.

Accordingly, Defendants' letter motions are GRANTED and the Government's motion is DENIED. By **October 1, 2026**, Defendants shall file their September 4, 2026 motions on the docket. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 131.

SO ORDERED.

Dated: September 29, 2026
New York, New York

ANALISA TORRES
United States District Judge