quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7083**

WRITER'S EMAIL ADDRESS
**scotthartman@quinnemanuel.com**

September 4, 2026

**<u>VIA EMAIL</u>**
**Filed *Ex parte* and Under Seal**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Motion for Leave to File Severance Motion Partially Under Seal and *Ex Parte*
<u>United States v. Patrick James and Edward James, 26-CR-00029-AT</u>

Dear Judge Torres:

On behalf of Defendant Patrick James, we write to respectfully move to file Mr. James's motion to sever under Federal Rule of Criminal Procedure 14(a) partially under seal and *ex parte*.[1] Specifically, Mr. James seeks leave to submit an unredacted copy of the enclosed motion ("Mot.") and supporting declaration ("Hartman Decl.") to the Court under seal and *ex parte*, and to file on the public docket a redacted copy that omits only those passages that would disclose his anticipated defenses and trial strategies, as well as material designated as "Disclosure Material" under the Protective Order (Dkt. No. 20). That narrowly tailored relief is necessary to avoid the premature disclosure of information that would reveal Mr. James's strategies for the fast-approaching trial and to protect his rights to present a defense and to a fair trial.

As discussed more fully in the enclosed motion, Mr. James seeks a separate trial from his brother and co-defendant, Edward James, because their defenses are irreconcilable, and because the sheer volume of inculpatory evidence against Edward will deny Patrick a fair trial by association. *See* Mot. at pp. 3–17. The showing required to obtain that relief compels Mr. James to describe, in specific factual detail, the defense theories he intends to advance at trial and much of the evidence on which he will rely. Portions of the enclosed motion accordingly reveal defense

[1] Mr. James submits this letter motion *ex parte* and under seal pursuant to the Court's August 17, 2026, Order. *See* Dkt. No. 99.

theories, trial strategies, and other sensitive information about how Mr. James plans to rebut the charges against him, and the motion also contains information subject to the common interest privilege between Mr. James and his co-defendant. To avoid premature and prejudicial disclosure of that information to the Government, Mr. James proposes to withhold those portions, and only those portions, from public disclosure by filing a redacted version of the motion on the docket while submitting the unredacted version to the Court under seal and *ex parte*.

Under Federal Rule of Criminal Procedure 14(a), a defendant is entitled to severance where "the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials," *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998), including where one defendant "act[s] as a second prosecutor" toward the other, *United States v. Shkreli*, 260 F. Supp. 3d 247, 256 (E.D.N.Y. 2017), where the "sheer volume and magnitude of the evidence against one defendant so dwarfs the proof presented against his co-defendant," *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003), or where a joint trial would prevent a defendant from obtaining his codefendant's exculpatory testimony, *United States v. Ferguson*, 676 F.3d 260, 287 (2d Cir. 2011). To obtain severance based on "mutually antagonistic or irreconcilable defenses, the defendant must make a factual demonstration that acceptance of one party's defense would tend to preclude the acquittal of [the] other." *United States v. Horge*, No. 19 Cr. 96 (LTS), 2020 WL 6273932, at *2 (S.D.N.Y. Oct. 26, 2020) (internal quotation marks omitted). That showing necessarily requires the defendant to describe, in detail, the nature of their contemplated defense and the evidence they will rely on at trial. *See e.g.*, *United States v. Nordlicht*, No. 16 Cr. 00640 (BMC), 2018 WL 1796542, at *2 (E.D.N.Y. Apr. 16, 2018) (concluding defenses sufficiently antagonistic where movant's counsel "contemplated the possibility of presenting the jury at closing with a display of emails allegedly incriminating [movant's] co-defendants, and pointing out his client's absence from them").

As shown in the enclosed motion, Mr. James will demonstrate that severance is required because acceptance of his defense would tend to preclude the acquittal of Edward James, and because the volume and character of the evidence against Edward would deny Mr. James any realistic prospect of an independent verdict on his own conduct. *See* Mot. at pp. 10–20. In making that showing, the passages Mr. James proposes to seal describe key elements of his defense theories and trial strategies, including the specific documents, communications, and witness testimony on which he intends to rely. If the Government could review those passages before trial, it would obtain a premature and unwarranted roadmap to Mr. James's defense, to which it is not entitled.

Because of the unfair prejudice that would result from the Government obtaining that kind of tactical advantage, courts in this District and elsewhere routinely permit the submission of sealed, *ex parte* motions in connection with requests for severance. *See, e.g.*, *United States v. Hudson*, No. 19 Cr. 496 (CM), 2021 WL 839438, at *2 (S.D.N.Y. Mar. 4, 2021) (permitting defendant to make sealed, *in camera*, and *ex parte* proffers in support of his motion to sever); *United States v. Fishbein*, No. 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 n.1 (S.D.N.Y. Mar. 31, 2023) (permitting defendant "to submit his proposed testimony *ex parte* and under seal" in connection with motion to sever (citing *Hudson*, 2021 WL 839438)); *United States v. Daughtry*, No. 09 Cr. 1132 (DAB), 2011 WL 724668, at *4 (S.D.N.Y. Feb. 25, 2011) (considering *ex parte*

letters from defense counsel in connection with an assertion of an antagonistic defense); *see also United States v. Morales-Guanill*, No. 12 Cr. 215 (SCC), 2014 WL 4983857, at *1 n.2 (D.P.R. Oct. 6, 2014) (recognizing the "legitimate need to keep *ex parte* some of the discussions, as well as the motions, because they reveal defense strategy" and noting that "courts considering motions to sever seem to consider such *ex parte* materials as a matter of course"), *report and recommendation adopted*, 77 F. Supp. 3d 258 (D.P.R. Jan. 5, 2012). This Court has itself endorsed the same practice outside the severance context where public filing would disclose "certain elements of the defense's trial strategy." *United States v. Wey*, 252 F. Supp. 3d 237, 243 (S.D.N.Y. 2017).

The same considerations apply with full force here. Mr. James's severance motion identifies particular defense theories, particular categories of evidence he intends to develop at trial, and particular anticipated points of conflict with Edward James's expected defense. Requiring Mr. James to make those disclosures on the public docket, months in advance of trial, would compel him to trade one constitutional protection for another. *See Zafiro v. United States*, 506 U.S. 534, 541 (1993) (Rule 14 is designed to protect against joinder that would "compromise a specific trial right" or otherwise deny a fair trial). Mr. James's proposed approach—filing a redacted version of the motion on the public docket while submitting only the passages that would disclose his defense theories to the Court under seal and *ex parte*—is narrowly tailored to protect those interests while preserving public access to the balance of the motion.

For these reasons, Mr. James respectfully requests that the Court grant leave to file his motion to sever partially under seal and *ex parte*.

Very truly yours,

Scott Hartman