UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK JAMES and<br>EDWARD JAMES,<br><br>Defendants. | Crim. Action No.: 26-CR-29 (AT) |

**NOTICE OF JOINDER BY DEFENDANT PATRICK JAMES IN DEFENDANT EDWARD JAMES'S MOTION TO PRECLUDE THE INTRODUCTION OF UNTIMELY DISCLOSED EVIDENCE AND COMPEL PRODUCTION OF DISCOVERY [ECF NO. 118]**

Defendant Patrick James ("Mr. James"), by and through undersigned counsel, respectfully submits this notice of joinder in Defendant Edward James's Motion to Preclude the Introduction of Untimely Disclosed Evidence and Compel Production of Discovery, ECF No. 118 ("Motion").

Remarkably, over a week *after* the Motion was filed and the September 4 motions deadline, the Government provided the most striking example yet of the prejudice caused by its discovery practices. Specifically, on September 14, 2026, the Government produced a series of materials related to Lisa Ruth, a known member of the Patrick James defense team. These materials included [redacted]. The Government appears to have had this material in its possession well before the discovery deadline, yet it withheld disclosure until after that deadline—and indeed the motions deadline—had passed.

The September 14 production also included [redacted]

[redacted][2]

[redacted]. By waiting, the Government placed itself in possession of a substantial volume of material implicating Mr. James's attorney-client privilege and defense strategy, and disclosed material that it has long possessed only after this Court's pretrial motion deadline, notwithstanding its repeated representations that its discovery obligations were substantially complete. Ms. Ruth and her counsel, [redacted]. Nothing about the evidence of Ms. Ruth's conduct was new to the Government in August 2026—only the Government's decision to act on it was. The Government's recent representation that it intends to use evidence obtained both before and in connection with [redacted] at trial confirms what its other grand jury subpoenas already suggested: that the Government continues to use the grand jury to gather evidence for this pending criminal case. Such tactics are impermissible.

---

1 [redacted]

2 [redacted]

Although the parties have reached agreement on a process to segregate and review potentially privileged material flowing from the [redacted], that process is itself a further, avoidable cost of the Government's delay. The review it requires will necessarily divert defense time and resources away from the ongoing review of the millions of pages of discovery that were produced on schedule, and from trial preparation more generally—compounding, rather than curing, the prejudice caused by the Government's untimely disclosure. Moreover, we anticipate that the Government's extraordinary decision to [redacted], carrying as it does significant privilege and Sixth Amendment implications, will lead to additional motion practice and disputes before the Court.

This episode is only the most recent instance of a broader pattern. In April 2026, the Government represented to the Court and defense counsel that its production of Rule 16 discovery material was "substantially complete." ECF No. 53 at 1. In that same submission, the Government told the Court that it "anticipate[d] producing the limited remaining materials in its possession no later than June 1." *Id*. Those representations proved incorrect. Since April 2026, and well beyond June 1, the Government has [redacted], served numerous subpoenas seeking materials it had declined to obtain (much less produce) at the time of its representations to this Court, and disclosed ***millions*** of pages of additional material over ***12*** substantive productions.

Far from tapering off in April, the Government's additional productions began almost immediately and at a scale inconsistent with the Government's description of what remained. On May 12, 2026, the Government produced over 1.8 million pages of search warrant materials, tax records, and third-party documents. Just over a week later, on May 20, 2026, the Government produced an additional 120,000 pages of warrant returns.

Instead of completing Rule 16 discovery by June 1, the Government issued a host of new grand jury subpoenas, generating new and voluminous discovery material.[3] On July 16, 2026, the Government produced over 130,000 pages of material derived from third parties, including [redacted]. Just over two weeks later, on July 31, 2026, the Government produced thousands more pages of discovery material, including information from [redacted].

The Government's productions continued through August and blew through the September 4, 2026 pre-trial motion deadline.[4] On August 11, 2026, the Government produced tens of thousands of pages of documents from banks and other third parties, including [redacted]. The Government produced more documents on August 18 and 31. These productions collectively contained thousands of pages of discovery material and included records from [redacted].

On September 15, 2026, the Government disclosed to Mr. James a missing portion of First Brands Group's ("FBG") Volume 11 production. Mr. James has repeatedly demanded complete FBG productions since March 18, 2026 and subsequent letters dated April 10 and May 18, 2026. Producing this material nearly six months after the request is highly prejudicial to Mr. James. This

---

[3] In addition to those highlighted in this paragraph, the Government also made a production on June 22, 2026, consisting of materials derived from third parties and public sources.

[4] In addition to the grand jury subpoenas highlighted in this paragraph, the Government served trial subpoenas on Tristate Capital Bank and Robert Rutt on August 6, 2026.

is especially true where the production in question, FBG Volume 11, [redacted] Ex. A, SDNY_JAMES_R02_00000357, at 1. Most recently, on September 29, 2026, the Government produced thousands of pages of additional discovery material from banks and other third parties.

As set forth above, the Government's nearly four-month delay in [redacted], its ongoing issuance of third-party subpoenas, and its repeated production delays demonstrate that the Government will continue to gather evidence at its own pace, without regard to the impact of late disclosures on Mr. James's ability to prepare for trial. Rather, the Government's actions establish that it expects to generate a substantial volume of additional discoverable material up to the eve of trial. Given the deficiencies in discovery produced to date, compounded by the Government's insistence that it need not produce certain materials requested by the Defense on the basis that those requests are premature, *see* ECF No. 116, the Defendants' concerns that their defense preparations will be materially limited is far from speculative.

As requested in the Motion, any untimely disclosed evidentiary material, including that derived from the Government's August 2026 [redacted], should be excluded at trial. Any material disclosed at this late stage will, at a minimum, detract from Mr. James's trial preparations, causing him severe prejudice. To the extent that the Government's disclosures continue closer to trial, Mr. James may be denied sufficient time to meaningfully review and make use of that information, denying him a fair trial. For these reasons, Mr. James joins in the full relief requested and arguments set forth in the Motion.

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Dated: October 1, 2026

By: *<u>/s/ Scott Hartman</u>*

Scott Hartman
William Burck
Sara Clark (*pro hac vice*)
Erica Perdomo (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
Tel.: (212) 849-7000
scotthartman@quinnemanuel.com
williamburck@quinnemanuel.com
saraclark@quinnemanuel.com
ericaperdomo@quinnemanuel.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I caused a copy of the foregoing document to be served via ECF on all counsel of record.

/s/ *Scott Hartman*
Scott Hartman