**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob J, Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

November 5, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: *United States v. Patrick James and Edward James,* 26 Cr. 29 (VEC)**

Dear Judge Caproni:

Patrick James, the founder and former CEO of First Brands, and his brother, Edward James, a senior company executive, were charged on January 29, 2026, with orchestrating a years-long scheme to mislead lenders about First Brands' financial condition through false reporting, inflated or duplicated collateral, and concealment of liabilities, allowing the company to obtain billions of dollars in financing. As a result of that fraudulent scheme, First Brands declared bankruptcy in September 2025, causing billions of dollars in losses to lenders and creditors. Given the magnitude of the losses caused by the collapse of the company, the need to preserve and recover assets for victims, the large number of affected lenders and creditors, and the strong public interest in the prompt resolution of a multibillion-dollar fraud prosecution, it was and remains critical that the case move to trial without unnecessary delay.

On February 4, 2026, the parties appeared before Judge Torres for an initial pre-trial conference, at which the Court set a trial date of July 13, 2026. On April 10 (ECF No. 43) and April 12, 2026 (ECF No. 44), respectively, defendants Patrick James and Edward James moved to adjourn the trial. Citing "previously scheduled criminal trials in September and November conflicts," counsel for Patrick James requested a date in the first quarter of 2027, *i.e.*, at least six months after the original trial date (ECF No. 43), while Edward James requested a date in fall 2026. The Government opposed adjournment of the trial, citing among other things the strong public interest in a speedy trial. Over the Government's objection, Judge Torres granted Patrick James' request, adjourning the trial to February 9, 2027. On September 3, 2026, Judge Torres ordered the pre-trial schedule set forth below (ECF No. 104):

| Pretrial Disclosures and Motions | Due Date |
|---|---|
| Government's Expert Disclosures | October 9, 2026 |
| Defendants' Expert Disclosures | October 23, 2026 |
| Defendants' Rebuttal to Government Expert Disclosures | October 30, 2026 |
| Government's Rebuttal to Defendant's Expert Disclosures | November 13, 2026 |
| Government's Rule 404(b) Disclosures | November 17, 2026 |
| *Daubert* Motions | November 24, 2026 |
| *Daubert* Oppositions | December 23, 2026 |
| Government's § 3500 Material and *Giglio* Material | December 30, 2026 |
| *Daubert* Replies (if any) | January 6, 2027 |
| Government's Exhibit and Witness Lists | January 7, 2027 |
| Notice of Advice-of-Counsel Defense and Disclosure of Relevant Documents | January 11, 2027 |
| Motions in Limine | January 15, 2027 |
| Jury Documents (proposed jury instructions, voir dire, and verdict forms) | January 15, 2027 |
| Motions in Limine Oppositions | January 22, 2027 |
| Defendants' Rule 16 Disclosures | January 25, 2027 |
| Motions in Limine Replies (if any) | January 27, 2027 |
| Defendants' Exhibit and Witness Lists | February 2, 2027 |
| Defendants' Rule 26.2 Disclosures | February 2, 2027 |
| Trial | February 9, 2027 |

On October 5, 2026, defense moved to extend the expert deadlines by two weeks (ECF No. 138). The Government did not oppose, and the Court entered the following modified expert disclosure schedule (ECF No. 139):

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Government's Expert Disclosures | October 9, 2026 | October 30, 2026 |
| Defendants' Expert Disclosures | October 23, 2026 | November 13, 2026 |
| Defendants' Rebuttal Disclosures | October 30, 2026 | November 20, 2026 |
| Government's Rebuttal Disclosures | November 13, 2026 | December 11, 2026 |
| *Daubert* Motions | November 24, 2026 | December 22, 2026 |
| *Daubert* Oppositions | December 23, 2026 | January 15, 2027 |
| *Daubert* Replies (if any) | January 6, 2027 | January 26, 2027 |

On October 30, 2026, counsel for Patrick James notified the Government that they intended to file a motion for a trial adjournment. The Government informed the defendants that it would oppose such a request. As part of those discussions, the parties agreed that in light of the defense's forthcoming request, the Government's deadline to disclose expert reports (due that day) would be held in abeyance until the Court ruled on any motion to adjourn. Notwithstanding defense counsel's representations that they would seek an adjournment and would submit a motion to that effect by Wednesday, November 5, counsel has yet to submit a motion. The Government is

concerned that the possibility of such a defense application will disrupt the current pre-trial schedule and will be used in an effort to force adjournment of the trial. Accordingly, the Government respectfully requests that the Court so-order the pretrial schedule set by Judge Torres on September 3, including the current trial date of February 9, with necessary modifications to the expert disclosure deadlines.[1] Should counsel for either defendant submit another request to adjourn the trial, which the Government intends to oppose, the Government respectfully requests the opportunity to file a written response.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ___________________________
Nicholas W. Chiuchiolo
Marguerite B. Colson
Peter J. Davis
Assistant United States Attorneys
212-637-1247 | -2587 | -2468

cc: Defense counsel (by ECF)

[1] The parties agreed that defense expert disclosure deadlines would correspondingly be held in abeyance. The Government has informed defense counsel that if the Court denies an adjournment request, the Government will produce its expert disclosures the next business day.