quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

November 5, 2026

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Chambers 1930
New York, NY 10007-1312

Re: United States v. Patrick James and Edward James, 26-CR-00029-VEC

Dear Judge Caproni:

We write on behalf of Defendant Patrick James, pursuant to Rule 3.A of the Court's Individual Practices in Criminal Cases, to request leave to file in redacted form Mr. James's letter motion to adjourn the February 9, 2027 trial date (the "Letter Motion"), which is being filed simultaneously with this letter. The proposed redactions fall into two narrow categories: (1) medical information of a third party; and (2) a limited description of a Government investigative step that has been redacted from the public versions of all prior filings.[1]

The Letter Motion is a judicial document to which a presumption of public access attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). That presumption, however, "is not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks omitted). Where the First Amendment right of access applies, a document may be redacted if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Under the common law, the court weighs the presumption against countervailing interests, including "the privacy

[1] The redactions are consistent with the Protective Order in this case (ECF No. 20). The Government does not object to the proposed redactions provided that they are consistent with the Protective Order.

interests of those resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"); *see Lugosch*, 435 F.3d at 120. Recognized "higher values" include "the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure," and the protection of matters such as "illnesses." *Greenwood*, 145 F.4th at 256 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116, and *Amodeo II*, 71 F.3d at 1051). This Court has applied these principles to approve "narrowly tailored" redactions that protect the privacy of non-parties while leaving the substance of a filing available to the public. *United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *6–7 (S.D.N.Y. Apr. 14, 2016). Both categories of proposed redactions satisfy this standard.

*First*, the proposed redactions in the first category are limited to the medical information of a non-party. Such information is "traditionally considered private rather than public," *Amodeo II*, 71 F.3d at 1051, and courts in this District have consistently recognized that "[t]he medical information of third parties . . . usually warrants redaction," *United States v. Paduch*, No. 23-CR-181 (RA), 2024 WL 167198, at *2 (S.D.N.Y. Jan. 16, 2024) (collecting cases); *see also Greenwood*, 145 F.4th at 256 (affirming redactions of medical information as "narrowly tailored"). The non-party here has no connection to the charges, and the redacted information has no "public ramifications." *See Silver*, 2016 WL 1572993, at *6 (privacy interests of non-parties weigh heavily, particularly where they "have not otherwise been connected to or named in the Defendant's criminal prosecution"). Nor would disclosing that information serve "the need for the public monitoring of federal courts." *Id.* at *7 (quoting *Lugosch*, 435 F.3d at 123).

*Second*, the remaining redactions are limited to a description of a Government investigative step the Government has not publicly disclosed and the parties have addressed only in nonpublic filings. The redactions here are consistent with those in materials previously submitted to Judge Torres, who presided over this case until its reassignment. *See* ECF No. 137. They withhold nothing that is already public and add nothing to what has been kept from public view. Because this information has never been disclosed to the public and has consistently been redacted in prior filings, the presumption of access carries less weight. *See Amodeo II*, 71 F.3d at 1050 (the weight of the presumption is stronger where documents "are usually filed with the court and are generally available" than "where filing with the court is unusual or is generally under seal"). Requiring disclosure now would undo Judge Torres's treatment of the same information without adding to the public's understanding of the relief Mr. James seeks.

Finally, the proposed redactions are narrowly tailored. Mr. James does not seek to seal the Letter Motion, only to redact specific words and phrases within it. *See Greenwood*, 145 F.4th at 256–57 (favoring "targeted redactions" over "wholesale sealing"); *Silver*, 2016 WL 1572993, at *7 (approving redactions that obscured non-parties' identities "while simultaneously disclosing the nature of the evidence" and the parties' arguments). The public version of the Letter Motion sets out the relief requested, the procedural history, and the grounds for adjournment, so the public can understand both the request and the basis for any ruling on it.

Pursuant to Rule 3.A(ii) and (iii) of the Court's Individual Practices, Mr. James has filed the redacted Letter Motion on ECF and is emailing an unredacted copy, with the proposed redactions highlighted, to Chambers, with all counsel of record copied.

We thank the Court for its consideration.

Very truly yours,

*/s/ William Burck*

William Burck

cc: Counsel of Record