**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob J, Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

November 20, 2026

**BY ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: *United States v. Patrick James and Edward James*, 26 Cr. 29 (VEC)**

Dear Judge Caproni:

The Government respectfully writes in response to defendant Patrick James's November 16, 2026, letter supplementing his adjournment request. (ECF No. 168 (the "Letter").) The defendant apprises the Court that First Brands Group ("FBG") has claimed privilege over documents in response to the Government's grand jury subpoena and that FBG is withholding those same documents in response to the defendant's Rule 17 subpoena. It is routine for a third party to invoke privilege in response to a subpoena and no basis to adjourn the trial.

The other claims in the Letter do not alter that outcome. The defendant admits that FBG informed defense counsel three months ago that it had withheld documents for privilege on a categorical basis, *i.e.*, long before raising the issue in this adjournment request. Next, the defense criticizes the Government for not producing FBG's privilege log. But the Government cannot produce a privilege log that is not in the Government's possession and does not yet exist.[1] Finally, the volume of withheld documents is irrelevant. The Government understands that FBG has now produced to the defense the header information (to, from, date, and subject line) for those documents. With that information, the defendant has what it needs to address with the bankruptcy trustee any documents that it believes are responsive to the Rule 17 subpoena, not privileged, and relevant to a putative advice-of-counsel defense. Based on an initial review of the header information for the 1.2 million documents, it appears that most of the records are unrelated to the allegations in the Indictment or any conceivable advice-of-counsel defense.

[1] FBG asserted privilege over a subset of documents that the Government obtained pursuant to warrant returns. The Government has produced to the defense the list of documents over which FBG asserted privilege and the accompanying metadata.

In short, the "development" set forth in the defendant's Letter is no development at all, and in any case, not a reason to further delay trial.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________

Nicholas W. Chiuchiolo
Marguerite B. Colson
Peter J. Davis
212-637-1247 | -2587 | -2468
Assistant United States Attorneys

cc: Defense counsel (by ECF)